**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-1763-KLM

ESTATE OF KELROY NEWMAN, by and through
putative personal representative, Bryanne Watts-Lucero;
JASMIN WILSON, a minor child, by and through next
friend and mother, Elisa Wilson;

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF
MONTEZUMA, COLORADO;
SHERIFF STEVEN NOWLIN, individually
and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a
Southwest Memorial Hospital;
MONTEZUMA COUNTY HOSPITAL
DISTRICT;
RANDY GENE DAVIDSON, MD,
individually,

    Defendants.
_____

**DEFENDANT SOUTHWEST HEALTH SYSTEM, INC. D/b/a Southwest Memorial Hospital's ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND TO PLAINTIFFS' FIRST AMENDED CIVIL RIGHTS COMPLAINT**
_____

Defendant SOUTHWEST HEALTH SYSTEM, INC., d/b/a Southwest Memorial Hospital (Defendant "Southwest Memorial Hospital"), by and through counsel, hereby submits its Answer, Affirmative Defenses and Jury Demand to Plaintiffs' First Amended Civil Rights Complaint as follows:

## INTRODUCTION

1.     The allegations asserted in paragraphs 1 – 9 as it pertains to Defendant Southwest Memorial Hospital, contain Plaintiffs' incomplete and/or inaccurate characterization of the medical course at issue in this lawsuit and as such are denied. The medical records are documents that speak for themselves and, as such, Plaintiffs' version is denied. Southwest Memorial Hospital denies all allegations against it as to negligence, causation or damages. Southwest Memorial Hospital asserts only that the care as it relates to the hospital was at all times reasonable and appropriate and not the cause of any damages or losses to the Plaintiffs. Any allegations contained in paragraphs 1 –9 of the Plaintiffs' Complaint not directed at this Defendant require no response, other than denial to the extent those allegations could be directed at this Defendant.

## JURISDICTION AND VENUE

2.     Defendant Southwest Memorial Hospital hereby incorporates by reference all prior responses as though fully set forth herein.

3.     As to the allegations contained in paragraphs 10-13 of the Plaintiff's Complaint, this Defendant denies the jurisdictional allegations as to this Defendant but recognizes that the Plaintiffs have asserted allegations against other defendants that would invoke jurisdiction as to other defendants. Any allegations as to negligence are denied as to Defendant Southwest Memorial Hospital. Any remaining allegations as drafted appear to seek a legal conclusion and are denied for those reasons.

## PARTIES

4.     Defendant Southwest Memorial Hospital hereby incorporates by reference all prior responses as though fully set forth herein.

5. The allegations contained in paragraphs 14-15 of Plaintiffs' Complaint are denied for lack of information.

6. The allegations in paragraphs 16- 21 appear to be directed to other Defendants and therefore require no response. To the extent those allegations could be directed at this Defendant, they are denied.

7. The statement contained in paragraph 22 is administrative and requires no response from this Defendant as there are no related claims.

8. As to the allegations contained in paragraph 23 of Plaintiffs' Complaint, Southwest Memorial Hospital admits only that it is a Colorado nonprofit corporation located at 1311 N. Mildred Road, Cortez, Colorado, 81321. To the extent the allegations in this paragraph assert that Defendant Southwest Memorial Hospital is liable for the acts or omissions as alleged against Defendant Dr. Davidson, those allegations are denied as hospitals cannot be held liable for negligence of physicians. *Russell v. Pediatric Neurosurgery, P.C.*, 15 P.3d 288, 291 (Colo. App. 2000) (*citing Rosane v. Senger*, 149 P.2d 372 (Colo. 1944) and *Moon v. Mercy Hosp.*, 373 P.2d 944 (Colo. 1962)). This defendant admits that it is vicariously liable for its non-physician staff including Jennifer Gaddis, RN whose nursing care rendered on 7/17/21 was reasonable and not the cause of any injuries or claimed damages.

9. The allegations contained in paragraph 24, as phrased, seek legal conclusions from the non-lawyer Defendant and are therefore denied.

10. The statement contained in paragraph 25 is administrative requires no response from this Defendant as there are no related allegations.

11. As to the allegations contained in paragraph 26, Southwest Memorial Hospital admits only that Defendant Randy Davidson, M.D. was an employee of Southwest Memorial Hospital at the times asserted in the Amended Complaint and is a physician licensed by the state of Colorado and is board certified emergency medicine. Southwest Memorial Hospital specifically denies that Dr. Davidson was an agent of the hospital and denies any legal allegations of "agency" that could be derived from this allegation. Southwest Memorial Hospital denies all allegations directed at it related to negligence, causation or damages. Southwest Memorial Hospital asserts that it was at all times reasonable and appropriate and did not cause or contribute to the alleged injury, damages and losses.

## **STATEMENT OF FACTS**

12. In response to the allegations contained in paragraph 27 of Plaintiffs' Complaint, Southwest Memorial Hospital incorporates by reference all prior responses as if set forth fully herein.

13. The allegations contained in paragraphs 28-31 of Plaintiffs' Complaint contain Plaintiffs' characterization of information regarding events not involving this Defendant. As such, Southwest Memorial Hospital is without sufficient information as to these allegations and deny the same. It further denies these allegations to the extent that they could be interpreted as allegations against it.

14. The allegations contained in paragraph 32 of Plaintiffs' Complaint contain Plaintiffs' incomplete and/or inaccurate characterization of the medical course at issue in this lawsuit and as such are denied. The medical records are documents that speak for themselves and, as such, Plaintiffs' version is denied. Southwest Memorial Hospital

denies all allegations against it as to negligence, causation or damages. Southwest Memorial Hospital asserts only that it was at all times reasonable and appropriate and not the cause of any damages or losses to the Plaintiffs. Any allegations contained in paragraphs 32 of the Plaintiffs' Complaint not directed at this Defendant require no response, other than denial to the extent those allegations could be directed at this Defendant.

15. The allegations contained in paragraphs 33-231 are largely directed to other Defendants and contain Plaintiffs' incomplete and/or inaccurate characterization of the facts of the case as well as the medical course at issue in this lawsuit and as such are denied. The medical records are documents that speak for themselves and, as such, Plaintiffs' version is denied. Southwest Memorial Hospital denies all allegations against it as to negligence, causation or damages. Southwest Memorial Hospital asserts only that it was at all times reasonable and appropriate and not the cause of any damages or losses to the Plaintiffs. Any allegations contained in paragraphs 33-231 of the Plaintiffs' Complaint not directed at this Defendant require no response, other than denial to the extent those allegations could be directed at this Defendant.

**FIRST CLAIM FOR RELIEF**
*42 U.S.C. Sec 1983*
*Fourteenth Amendment – Monell Liability*
*(Plaintiff Estate against County Defendants)*

16. In response to the allegations contained in paragraph 232 of Plaintiffs' Complaint, Southwest Memorial Hospital incorporates by reference all prior responses as if set forth fully herein.

17.     The allegations contained in paragraphs 233-241 of Plaintiffs' Complaint are not directed at this Defendant and as such, Southwest Memorial Hospital is without sufficient information as to these allegations and deny the same.  Further, to the extent those allegations could be interpreted as allegations against it, Southwest Memorial Hospital further denies those allegations.

## SECOND CLAIM FOR RELIEF
*Negligence in the Operation of a Jail Resulting in Wrongful Death*
*(Plaintiff Wilson against County Defendants)*

18.     In response to the allegations contained in paragraph 242 of Plaintiffs' Complaint, Southwest Memorial Hospital incorporates by reference all prior responses as if set forth fully herein.

19.     The allegations contained in paragraphs 243-254 of Plaintiffs' Complaint are not directed at this Defendant and as such, Southwest Memorial Hospital is without sufficient information as to these allegations and deny the same.  Further, to the extent those allegations could be interpreted as allegations against it, Southwest Memorial Hospital further denies those allegations.

## THIRD CLAIM FOR RELIEF
*Negligence in the Operation of a Hospital and Medical Negligence Causing Wrongful Death*
*(Plaintiff Wilson against Southwest Health System, Inc., d/b/a Southwest Memorial Hospital, Montezuma County Hospital District and Dr. Davidson)*

20.     In response to the allegations contained in paragraph 255 of Plaintiffs' Complaint, Southwest Memorial Hospital incorporates by reference all prior responses as if set forth fully herein.

21.  The allegations contained in paragraph 256 are denied.

22.  The allegations contained in paragraphs 257 – 266 which are directed at Defendant Southwest Memorial Hospital are denied. Southwest Memorial Hospital denies all allegations against it as to negligence, causation or damages.  Southwest Memorial Hospital asserts only that it was at all times reasonable and appropriate and not the cause of any damages or losses to the Plaintiffs. Any allegations contained in paragraphs 257-266 of the Plaintiffs' Complaint not directed at this Defendant require no response, other than denial to the extent those allegations could be directed at this Defendant.  This defendant specifically denies that it is liable for the alleged acts or omissions of the defendant physician as hospitals cannot be held liable for physician care. *Russell v. Pediatric Neurosurgery, P.C.*, 15 P.3d 288, 291 (Colo. App. 2000) (*citing Rosane v. Senger*, 149 P.2d 372 (Colo. 1944) and *Moon v. Mercy Hosp.*, 373 P.2d 944 (Colo. 1962)).  This defendant admits that Dr. Davidson is a physician licensed to practice medicine in the State of Colorado and is board certified in emergency medicine. The allegations regarding the Hospital District are denied. This defendant asserts that the Hospital District did not employ the caregivers involved in the disputed medical care.

**FOURTH CLAIM FOR RELIEF**
*Colo. Rev. Stat. 13-21-131*
*Cruel and Unusual Punishment and Deprivation of Due Process*
*Violation of Colorado Constitution, Article 2, Sections 20 & 25*
*(Plaintiff Estate against Defendants Deputy Summers and Deputy Daulton in their individual capacities)*

23.  In response to the allegations contained in paragraph 267 of Plaintiffs' Complaint, Southwest Memorial Hospital incorporates by reference all prior responses as if set forth fully herein.

24. The allegations contained in paragraphs 268-278 of Plaintiffs' Complaint are not directed at this Defendant and as such, Southwest Memorial Hospital is without sufficient information as to these allegations and deny the same.  Further, to the extent those allegations could be interpreted as allegations against it, Southwest Memorial Hospital further denies those allegations.

## CERTIFICATE OF REVIEW

As it pertains to Plaintiffs' statutorily required Certificate of Review, Defendant Southwest Memorial Hospital is without sufficient knowledge to confirm whether the Certification meets the statutory requisites. Defendant Southwest Memorial Hospital denies that there is any evidence contained in the medical records of negligence, causation or damages to sustain allegations that Southwest Memorial Hospital acted in any manner other than reasonable and appropriate.  Southwest Memorial Hospital denies all claims of negligence, causation and damages.  All remaining allegations are likewise denied

## GENERAL DENIAL

All allegations not specifically answered above are denied.

## AFFIRMATIVE DEFENSES

1. **Failure to State a Claim.**  Plaintiff's Complaint fails, in whole or in part, to state a claim or claims against Defendant Southwest Memorial Hospital upon which relief can be granted. Plaintiff bears the burden of proof and cannot meet the burden of proof on the causes of action.  Defendant met the standard of care and there is no proof that any acts or omissions attributed to the Defendant were negligent or otherwise caused Plaintiff's claimed injuries or damages.

2. **Non-Parties at Fault**. Plaintiff's claimed injuries, damages, and/or losses, if any, may be the result of negligent acts or omissions of her other healthcare providers, which actions have yet to be determined by Defendant. *See* C.R.S. 13-21-1115.3(b). Defendant reserves the right to designate non-parties at fault for Plaintiff's alleged injuries, damages or losses. In the event of a settlement between Plaintiff and any other defendant and/or tortfeasor, whether or not a party to this case, and /or a judgment, Plaintiff is notified of Defendant's right to contribution and/or to statutory credit for any settlement or judgment pursuant to the provisions of C.R.S. 13-50.5-103-105. In the event of a settlement between Plaintiff and any other defendant or non-party and/or in the event of a dismissal of a party without payment, this paragraph constitutes Defendant's notice of designation pursuant to C.R.S. 13-21-111.5.

3. **Statute of Limitations**. The statute of limitations may have run on all or some of Plaintiff's claims.

4. **Pre-existing conditions**. Plaintiff's claimed damages may be the result of preexisting conditions not caused by Defendant and over which Defendant had no control.

5. **Intervening/Superseding Cause/Third Party Contract**. Plaintiff's claimed injuries damages and alleged losses may be the result of an intervening/superseding cause and/or the conduct of third parties for which Defendant has no control. This includes but is not limited to other providers who cared for the Plaintiff.

6. **Failure of Proximate Cause**. There exists no proximate causation between any alleged action, omission, breach or failure by Defendant and Plaintiff's alleged damages.

7. **Plaintiff's Contributory Negligence, Comparative Fault, or Failure to Mitigate**. Plaintiff may have been contributorily negligent in his actions or inactions. Plaintiff's

claimed injuries, damages or losses may be the result of failure to follow reasonable medical advice or mitigate claimed damages.

8. **Inherent Risk/Assumption of Risk/Consent.** Plaintiff's claimed damages may be the result of an inherent risk which Plaintiff assumed. Surgeries have inherent risks which include risks of perforation and other complications along with the need for additional surgery. Upon information and belief the Plaintiff was advised of these risks. His claims may be barred, in whole or in part, by consent to treatment. C.R.S. 13-21-111.7.

9. **Health Care Availability Act and other Damages Limitations.** Defendant asserts and incorporates by reference all provisions and limitations of the Health Care Availability Act, C.R.S. 13-64-101, including C.R.S. 13-64-302 (limitation on liability for interest on damages. Plaintiffs' claims for recovery of future damages may be limited by the Affordable Care Act.

10. **Apportionment.** Defendant's liability, if any, is limited pursuant to C.R.S. 13-21-111.5 (pro rata liability)

11. **Collateral Source.** The Plaintiff may not be the real party at interest for the recovery of all or part of the relief sought in the Complaint and Plaintiff's recovery, if any, is limited by C.R.S. § 13-21-11.6, concerning payment from collateral sources.

12. **Corporate Practice of Medicine.** The Corporate Practice of Medicine doctrine applies. This defendant cannot and does not practice medicine nor can it direct or control the medical care of physicians. Defendant cannot be held liable for the actions or inactions of Plaintiff's surgeons, physicians, or other health care providers as a matter of law.

## JURY DEMAND

Defendant Southwest Memorial Hospital hereby demands a jury trial of 12 on all causes of action in Plaintiffs' Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** the premises considered, Defendant Southwest Memorial Hospital requests that the Court dismiss Plaintiff's Complaint with prejudice, award attorney fees and costs incurred in the defense of Plaintiffs' Complaint to the extent permitted by law, and grant such other and further relief, as this Court deems appropriate.

Dated: _____, 2022.                           Respectfully submitted,

KLEIN COOK OLSON LLC

/s/ Amy Cook Olson

Amy Cook Olson, Esq.
Angela Lund Klein, Esq.
KLEIN COOK OLSON, LLC
2130 Resort Drive, Unit E
Steamboat Springs, Colorado 80487
Telephone: (720) 505-1819
Facsimile: (888) 975-0239

acookolson@kco-law.com

aklein@kco-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this _____, 2022, a true and correct copy of the foregoing was filed and served via CM/ECF to all counsel of record in this matter.

Anna Holland Edwards
John Holland
Dan Weiss
Holland, Holland Edwards & Grossman, LLC
1437 High Street
Denver, Colorado 80218
303-860-1331
Anna@hheglaw.com

Kevin D. Homiak
Homiak Law, LLC
1001 Bannock Street, Suite 238
Denver, Colorado 80204
505-385-2614
Kevin@homiaklaw.com

*Attorneys for Plaintiff*

Ann Baumgartner Smith
Vaughan & DeMuro
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
719-578-5500
asmith@vaughandemuro.com

*Attorney for Board of County Commissioners of Montezuma, Colorado; Sheriff Steven Nowlin; Zachary Summers; Andrew Daulton*

Mark Collier
Matthew George
Messner Reeves, LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
303-623-0552
mcollier@messner.com
mgeorge@messner.com

*Attorneys for Randy Gene Davidson, M.D.*

*s/ Amy Cook Olson*
Amy Cook Olson