**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01763-KLM

ESTATE OF KELROY NEWMAN, by and through
putative personal representative, Bryanne Watts-Lucero;
JASMIN WILSON, a minor child, by and through next
friend and mother, Elisa Wilson,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA,
COLORADO;
SHERIFF STEVEN NOWLIN, individually and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

---

**DEFENDANT RANDY GENE DAVIDSON, M.D.'S ANSWER, AFFIRMATIVE
DEFENSES, AND REQUEST FOR TRIAL BY JURY TO PLAINTIFFS' FIRST
AMENDED CIVIL RIGHTS COMPLAINT**

---

Defendant Randy Gene Davidson, M.D., through his counsel, MESSNER REEVES LLP, respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint with Request for Trial by Jury.

### I. INTRODUCTION

1. Regarding Paragraphs 1, 3-4, and 8 of the Amended Complaint, Dr. Davidson denies he was negligent and avers his medical screening examination and clearance for

1

incarceration of Kelroy Newman was, in all respects and at all times, reasonable and appropriate, and within accepted standards of practice for an emergency medicine physician in the same or similar circumstances. Dr. Davidson denies that his medical screening examination and clearance for incarceration of Mr. Newman at any time fell below applicable standards of practice and denies that any negligent act or omission by him was a proximate cause of Plaintiffs' claimed injuries, damages, and losses. Dr. Davidson therefore denies he is liable as alleged in the Amended Complaint. Dr. Davidson is without sufficient knowledge or information to either admit or deny any allegations directed toward other Defendants and therefore denies them.

2.     The allegations in Paragraphs 2, 4-7, and 9 of the Amended Complaint are not directed toward Dr. Davidson and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 2, 4-7, and 9 and therefore denies them.

## II.     JURISDICTION AND VENUE

3.     Regarding Paragraphs 10 through 12 of the Amended Complaint, Dr. Davidson does not currently dispute venue or this Court's jurisdiction over the claims against him based on the claims alleged in the Amended Complaint in its entirety, the allegations asserted, and the information available to him at this time. Dr. Davidson denies that he was negligent or that any act or failure to act by him caused or contributed to Plaintiffs' claimed injuries, damages, or losses.

4.     The allegations in Paragraph 13 of the Amended Complaint are not directed toward Dr. Davidson and call for a legal conclusion, and therefore require no response from Dr.

Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 13 and therefore denies them.

### III.   PARTIES

5. Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 14 through 15 of the Amended Complaint and therefore denies them.

6. The allegations in Paragraphs 16 through 25 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 16 through 25 and therefore denies them.

7. The allegations in Paragraph 26 of the Amended Complaint call for a legal conclusion and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson admits only that he is a resident of Colorado, specializes in emergency medicine, and that he performed a medical screening examination and clearance for incarceration at the request of law enforcement. Dr. Davidson avers that he provided the medical screening examination and clearance for incarceration of Mr. Newman as is generally reflected in the medical records, but denies the selective, incomplete, and subjective description of Mr. Newman's medical condition and medical screening examination and clearance for incarceration and avers these records may not provide all information regarding the examination he received from Dr. Davidson and other providers.

## IV.  STATEMENT OF FACTS

8. Dr. Davidson incorporates all preceding paragraphs herein by reference.

9. The allegations in Paragraphs 28 through 32 of the Amended Complaint are not directed toward Dr. Davidson and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 28 through 32 and therefore denies them.

10. Regarding Paragraphs 33 through 49 of the Amended Complaint, Dr. Davidson avers that he provided a medical screening examination and clearance for incarceration of Mr. Newman as is generally reflected in the medical records, but denies the selective, incomplete, and subjective description of Mr. Newman's medical condition and medical examination and avers these records may not provide all information regarding the medical screening examination and clearance for incarceration he received from Dr. Davidson and other providers. To the extent the allegations are inconsistent with the medical records, they are denied. Dr. Davidson avers his medical screening examination and clearance for incarceration of Mr. Newman was, in all respects and at all times, reasonable and appropriate, and within accepted standards of practice for an emergency medicine physician in the same or similar circumstances. Dr. Davidson denies that his medical screening examination and clearance for incarceration of Mr. Newman at any time fell below applicable standards of practice and denies that any negligent act or omission by him was a proximate cause of Plaintiffs' claimed injuries, damages, or losses. Dr. Davidson therefore denies he is liable as alleged in the Amended Complaint. Dr. Davidson is without sufficient knowledge or information to either admit or deny any allegations directed toward other Defendants and therefore denies them.

11. The allegations in Paragraphs 50 through 231 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 50 through 231 and therefore denies them.

### V.     CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
*42 U.S.C. § 1983*
*Fourteenth Amendment – Monell Liability*
**(Plaintiff Estate against County Defendants)**

12. Dr. Davidson incorporates all preceding paragraphs herein by reference.

13. The allegations in Paragraphs 233 through 241 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Mr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 233 through 241 and therefore denies them.

**SECOND CLAIM FOR RELIEF**
*Negligence in the Operation of a Jail resulting in Wrongful Death*
**(Plaintiff Wilson against County Defendants)**

14. Dr. Davidson incorporates all preceding paragraphs herein by reference.

15. The allegations in Paragraphs 243 through 254 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Mr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 243 through 254 and therefore denies them.

### THIRD CLAIM FOR RELIEF
*Negligence in the Operation of a Hospital and Medical Negligence Causing Wrongful Death*
**(Plaintiff Wilson against Southwest Health System, Inc., d/b/a Southwest Memorial Hospital, Montezuma County Hospital District, and Dr. Davidson)**

16. Dr. Davidson incorporates all preceding paragraphs herein by reference.

17. The allegations in Paragraph 256 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Mr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraph 256 and therefore denies them.

18. Regarding Paragraph 257 of the Amended Complaint, Dr. Davidson admits that he is an emergency medical physician who provided a medical screening examination and clearance for incarceration of Mr. Newman.

19. The allegations in Paragraphs 258 through 266 of the Amended Complaint call for a legal conclusion and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson admits only that he owes his patients the applicable duty of care as is more fully set forth in Colorado statutes and case law. Dr. Davidson denies he was negligent and avers his medical screening examination and clearance for incarceration of Mr. Newman was, in all respects and at all times, reasonable and appropriate, and within accepted standards of practice for an emergency medicine physician in the same or similar circumstances. Dr. Davidson denies that his medical screening examination and clearance for incarceration of Mr. Newman at any time fell below applicable standards of practice and denies that any negligent act or omission by him was a proximate cause of Plaintiffs' claimed injuries, damages, and losses. Dr. Davidson therefore denies he is liable as alleged in the Amended Complaint. Dr. Davidson is

without sufficient knowledge or information to either admit or deny any allegations directed toward other Defendants and therefore denies them.

### FOURTH CLAIM FOR RELIEF
*Colo. Rev. Stat § 13-21-131*
*Cruel and Unusual Punishment and Deprivation of Due Process*
*Violation of Colorado Constitution, Article 2, Sections 20 & 25*
**(Plaintiff Estate against Defendants Deputy Summers and Deputy Daulton in their individual capacities)**

20. Dr. Davidson incorporates all preceding paragraphs herein by reference.

21. The allegations in Paragraphs 268 through 278 of the Amended Complaint are not directed toward Dr. Davidson and/or call for a legal conclusion, and therefore require no response from Mr. Davidson. To the extent a response is required, Dr. Davidson is without sufficient knowledge or information to either admit or deny the allegations in Paragraphs 243 through 254 and therefore denies them.

### VI.   PRAYER FOR RELIEF

22. Regarding Plaintiffs' Prayer for Relief, Dr. Davidson denies he was negligent and avers his medical screening examination and clearance for incarceration of Kelroy Newman was, in all respects and at all times, reasonable and appropriate, and within accepted standards of practice for an emergency medicine physician in the same or similar circumstances. Dr. Davidson denies that his medical screening examination and clearance for incarceration of Mr. Newman at any time fell below applicable standards of practice and denies that any negligent act or omission by him was a proximate cause of Plaintiffs' claimed injuries, damages, and losses. Dr. Davidson further denies the nature and extent of Plaintiffs' claimed injuries, damages, and losses. Dr. Davidson therefore denies he is liable as alleged in the Amended Complaint. Dr.

Davidson is without sufficient knowledge or information to either admit or deny any allegations directed toward other Defendants and therefore denies them.

## CERTIFICATE OF REVIEW

23.     To the extent that the Certificate of Review is considered to be part of the Amended Complaint, the allegations in Plaintiffs' Certificate of Review call for a legal conclusion and therefore require no response from Dr. Davidson. To the extent a response is required, Dr. Davidson denies that he was negligent or that any act or failure to act by him caused or contributed to Plaintiffs' claimed injuries, damages, or losses. Accordingly, Dr. Davidson denies the allegations in Plaintiffs' Certificate of Review. Dr. Davidson is without sufficient knowledge or information to either admit or deny any allegations directed toward other Defendants and therefore denies them.

## GENERAL DENIAL

Dr. Davidson denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.      The Amended Complaint fails to state a claim or claims against Dr. Davidson upon which relief may be granted.

2.      In the event a judgment should be entered against Defendants, Dr. Davidson is entitled to a reduction of the judgment to the extent of any collateral source payments pursuant to § 13-21-111.6, C.R.S. Further, Dr. Davidson hereby notifies Plaintiffs of his intent to rely upon §§ 13-64-402 and 13-64-602, C.R.S. with respect to any subrogated claims by or on behalf of any third-party payor or provider.

3. Plaintiffs' injuries and damages, if any, are the sole and proximate result of the conduct of third persons over whom Dr. Davidson had no control or right of control.

4. Although Dr. Davidson expressly denies any wrongdoing in this matter, Plaintiffs are hereby notified that Dr. Davidson's judgment liability, if any, is limited to the degree of negligence or fault attributable to him pursuant to § 13-21-111.5, C.R.S. Plaintiffs are further notified that Dr. Davidson reserves the right to designate nonparties pursuant to § 13-21-111.5(3)(b), C.R.S. In the event of a settlement or dismissal between Plaintiffs, any of the currently named defendants, and any other alleged tortfeasors and/or judgment herein against Dr. Davidson, all parties are hereby notified of his, her, or its right of contribution, and this paragraph serves as Dr. Davidson's notice of nonparty designation pursuant to § 13-21-111.5, C.R.S.

5. Dr. Davidson reserves the right to assert the applicable substantive and procedural provisions of the Colorado Uniform Contribution Among Tortfeasors Act, § 13-50.5-102, C.R.S., *et seq*.

6. Plaintiffs' recovery, if any, in this action is governed and may be barred or limited by the provisions of §§ 13-21-102.5, -111.5, -111.6, and -201, *et seq.*, C.R.S., § 13-64-101, C.R.S., *et seq.*, and other applicable statutes.

7. Plaintiffs' alleged injuries and damages, if any, were not caused by any act or omission by Dr. Davidson. Damages complained of by Plaintiffs may have been caused by the acts or omissions of others over whom Dr. Davidson had no control or no right of control.

8. Plaintiffs' injuries and damages may be the result of superseding and/or intervening causes.

9. Plaintiffs' claimed injuries, damages or losses may be the result of decedent's contributory negligence and failure to mitigate damages.

10. Upon information and belief, Plaintiffs' injuries, damages, and losses, if any, are the result of pre-existing condition(s).

11. Plaintiffs' claims are subject to the Colorado Wrongful Death Act, § 13-21-201, C.R.S., *et seq.*, including relevant case law and authority

12. Plaintiff's recovery of damages, including any and all future medical expenses, if any, are limited by the provisions of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18001, *et seq*. (2010).

## NOTICE AND RESERVATION OF RIGHT TO AMEND

Dr. Davidson reserves the right to add additional defenses, and/or withdraw one or more of his existing defenses as warranted or required by subsequent investigation and ongoing discovery in this lawsuit.

## DR. DAVIDSON HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

WHEREFORE, Dr. Davidson, having fully answered the Amended Complaint, requests that the Amended Complaint be dismissed and that the Court award his costs incurred in the defense of this suit, including expert witness fees, and such other relief as may be proper.

Respectfully submitted this 4th day of November, 2022.

        MESSNER REEVES LLP

        *s/ Mark B. Collier*
        Mark B. Collier, #40594
        Matthew W. George, #48830
        1430 Wynkoop Street, Suite 300
        Denver, CO 80202
        Telephone: (303) 623-1800
        Facsimile: (303) 623-0552
        E-mail: mcollier@messner.com
        mgeorge@messner.com
        *Attorneys for Randy Gene Davidson, M.D.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November, 2022, a true copy of the foregoing **DEFENDANT RANDY GENE DAVIDSON, M.D.'S ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR TRIAL BY JURY TO PLAINTIFFS' FIRST AMENDED CIVIL RIGHTS COMPLAINT** was electronically filed and served via CM/ECF upon the following:

*Attorneys for Plaintiffs*:
Anna Holland Edwards, Esq.
John Holland, Esq.
Dan Weiss, Esq.
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
Telephone: (303) 860-1331
E-mail: anna@hheglaw.com

Kevin D. Homiak, Esq.
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, CO 80204
Telephone: (505) 385-2614
E-mail: kevin@homiaklaw.com

*Attorney for County Defendants*:
Ann B. Smith, Esq.
VAUGHN & DEMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
Telephone: (719) 578-5500
E-mail: asmith@vaughnanddemuro.com

*Attorneys for Southwest Health System, Inc.*:
Amy Cook Olson, Esq.
Angela Lund Klein, Esq.
KLEIN COOK OLSON, LLC
2130 Resort Drive, Unit E
Steamboat Springs, CO 80487
Telephone: (720) 505-1819
E-mail: acookolson@kco-law.com
aklein@kco-law.com

/s/ Mark B. Collier