IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-KLM

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero, and
JASMIN WILSON, a minor child, by and through next friend and mother, Elisa Wilson

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA,
COLORADO a/k/a "Montezuma County",
SHERIFF STEVEN NOWLIN, individually and in his official capacity,
ZACHARY SUMMERS, individually,
ANDREW DAULTON, individually,
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually,

      Defendants.

---

### ANSWER AND JURY DEMAND ON BEHALF OF COUNTY DEFENDANTS

---

      Defendants BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA, COLORADO a/k/a "Montezuma County"; SHERIFF STEVEN NOWLIN, individually and in his official capacity; ZACHARY SUMMERS, individually; and ANDREW DAULTON, individually (hereinafter collectively referred to as "County Defendants") hereby submit their Answer and Jury Demand to Plaintiffs' First Amended Civil Rights Complaint (Doc. 7) (hereinafter "Complaint") and state as follows. All allegations not specifically admitted below are denied.

## I. INTRODUCTION

1.      With respect to the allegations contained in paragraph 1 of Plaintiffs' Complaint, County Defendants admit that Kelroy Newman was a pre-trial detainee at the Montezuma County Detention Center ("MCDC") on July 17 and 18, 2021. County Defendants otherwise deny all remaining allegations contained in paragraph 1.

2.      With respect to the allegations contained in paragraph 2 of Plaintiffs' Complaint, County Defendants admit that the Cortez Police Department arrested Kelroy Newman on July 17, 2021, and brought him to the MCDC, where he was noted to have a blood alcohol level ("BAC") of .421. County Defendants otherwise deny all remaining allegations contained in paragraph 2.

3.      With respect to the allegations contained in paragraph 3 of Plaintiffs' Complaint, County Defendants admit that Kelroy Newman was taken to Southwest Memorial Hospital to be medically cleared prior to booking. County Defendants are otherwise without knowledge as to all remaining allegations contained in paragraph 3 and therefore deny the same.

4.      With respect to the allegations contained in paragraph 4 of Plaintiffs' Complaint, County Defendants admit that Kelroy Newman was booked into the MCDC following medical clearance and that July 17, 2021, was a Saturday and that the MCDC did not staff a nurse on the weekends. County Defendants otherwise deny all remaining allegations contained in paragraph 4.

5.      County Defendants deny the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      With respect to the allegations contained in paragraph 6 of Plaintiffs' Complaint, County Defendants admit that Kelroy Newman was found unresponsive in his cell at

approximately 11:43 a.m. on July 18, 2021. County Defendants otherwise deny all remaining allegations contained in paragraph 6.

7.      With respect to the allegations contained in paragraph 7 of Plaintiffs' Complaint, County Defendants admit that deputies called for emergency responders and initiated CPR for Mr. Newman and that he was ultimately pronounced dead. County Defendants otherwise deny all remaining allegations contained in paragraph 7.

8.      County Defendants deny the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.      With respect to the allegations contained in paragraph 9 of Plaintiffs' Complaint, County Defendants admit that there have previously been in-custody deaths at MCDC. County Defendants otherwise deny all remaining allegations contained in paragraph 9.

## II. JURISDICTION AND VENUE

10.      With respect to the allegations contained in paragraph 10 of Plaintiffs' Complaint, County Defendants admit that Plaintiffs assert jurisdiction under 42 U.S.C. § 1983 and 1988 as well as 28 U.S.C. § 1331, 1343, 2201, and 2202.

11.      With respect to the allegations contained in paragraph 11 of Plaintiffs' Complaint, County Defendants admit that venue is appropriate in the United States District Court for the District of Colorado.

12.      County Defendants assert that the allegations contained in paragraph 12 of Plaintiffs' Complaint are legal conclusions and require no response from County Defendants. To the extent a response is deemed required, County Defendants deny such allegations.

3

13.     County Defendants assert that the allegations contained in paragraph 13 of Plaintiffs' Complaint are legal conclusions and require no response from County Defendants. To the extent a response is deemed required, County Defendants deny such allegations.

### III. PARTIES

14.     County Defendants are without knowledge as to the allegations contained in paragraph 14 of Plaintiffs' Complaint and therefore deny the same.

15.     County Defendants are without knowledge as to the allegations contained in paragraph 15 of Plaintiffs' Complaint and therefore deny the same.

16.     With respect to the allegations contained in paragraph 16 of Plaintiffs' Complaint, County Defendants admit that the Board of County Commissioners for the County of Montezuma, Colorado, is a governmental entity. County Defendants assert that the allegations otherwise contain statements or conclusions of law to which no response is required. To the extent a response is required, County Defendants deny the allegations.

17.     County Defendants admit the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     County Defendants assert that the allegations contained in paragraph 18 of Plaintiffs' Complaint are either assertions of the capacities in which Defendant Nowlin is sued or statements of law which do not require a response from County Defendants. To the extent a response is deemed required, County Defendants deny the allegations.

19.     County Defendants admit the allegations contained in paragraph 19 of Plaintiffs' Complaint.

4

20.     County Defendants admit the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     County Defendants admit the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     County Defendants admit the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23.     County Defendants assert that the allegations contained in paragraph 23 of Plaintiffs' Complaint are directed to a Defendant other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraph 23 and therefore deny the same.

24.     County Defendants assert that the allegations contained in paragraph 24 of Plaintiffs' Complaint are directed to a Defendant other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraph 24 and therefore deny the same. County Defendants further assert that the Montezuma County Hospital District has been dismissed from this action.

25.     County Defendants assert that the allegations contained in paragraph 25 of Plaintiffs' Complaint are directed to a Defendant other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraph 25 and therefore

deny the same. County Defendants further assert that the Montezuma County Hospital District has been dismissed from this action.

26.     County Defendants assert that the allegations contained in paragraph 26 of Plaintiffs' Complaint are directed to a Defendant other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraph 26 and therefore deny the same.

## IV. STATEMENT OF FACTS

27.     County Defendants incorporate their responses to paragraphs 1 through 26 of Plaintiffs' Complaint as though fully set forth herein.

28.     With respect to the allegations contained in paragraph 28 of Plaintiffs' Complaint, County Defendants admit that Mr. Newman was arrested by the Cortez Police Department on July 17, 2021, and brought to the MCDC at or after 10:00 a.m. County Defendants otherwise deny all remaining allegations contained in paragraph 28.

29.     County Defendants admit the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     With respect to the allegations contained in paragraph 30 of Plaintiffs' Complaint, County Defendants admit that Mr. Newman had some visible injuries. County Defendants otherwise deny all remaining allegations contained in paragraph 30.

31.     With respect to the allegations contained in paragraph 31 of Plaintiffs' Complaint, County Defendants admit that during intake to the MCDC, Mr. Newman was found to have a BAC

level of .421. County Defendants otherwise deny all remaining allegations contained in paragraph 31.

32.     With respect to the allegations contained in paragraph 32 of Plaintiffs' Complaint, County Defendants admit that Mr. Newman was taken to the hospital for medical clearance. County Defendants otherwise deny all remaining allegations contained in paragraph 32.

33-49.  County Defendants assert that the allegations contained in paragraphs 33 through 49 of Plaintiffs' Complaint are directed to Defendants other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraphs 33 through 49 and therefore deny the same. County Defendants further assert that the Montezuma County Hospital District has been dismissed from this action.

50.     County Defendants deny the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51.     With respect to the allegations contained in paragraph 51 of Plaintiffs' Complaint, County Defendants admit that there is not a doctor on staff at the MCDC. County Defendants otherwise deny all remaining allegations contained in paragraph 51.

52.     With respect to the allegations contained in paragraph 52 of Plaintiffs' Complaint, County Defendants admit there is a nurse on staff at the MCDC, but the nurse was not staffed on the weekends. County Defendants otherwise deny all remaining allegations contained in paragraph 52.

53.     With respect to the allegations contained in paragraph 53 of Plaintiffs' Complaint,

County Defendants admit that there is not a CIWA policy at the MCDC. County Defendants otherwise deny all remaining allegations contained in paragraph 53.

54.     With respect to the allegations contained in paragraph 54 of Plaintiffs' Complaint, County Defendants admit that medical staff was not on site during Mr. Newman's detention and that there is not a CIWA policy at the MCDC. County Defendants otherwise deny all remaining allegations contained in paragraph 54.

55.     County Defendants deny the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.     County Defendants deny the allegations contained in paragraph 56 of Plaintiffs' Complaint.

57.     County Defendants deny the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.     County Defendants assert that the allegations contained in paragraph 58 of Plaintiffs' Complaint contain legal conclusions or are otherwise vague as to "obligated" and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

59.     County Defendants assert that the allegations contained in paragraph 59 of Plaintiffs' Complaint contain legal conclusions or are otherwise vague as to "required" and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

60.     County Defendants deny the allegations contained in paragraph 60 of Plaintiffs'

Complaint.

61.     County Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.     County Defendants deny the allegations contained in paragraph 62 of Plaintiffs' Complaint.

63.     County Defendants deny the allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     County Defendants deny the allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     County Defendants deny the allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     County Defendants deny the allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     County Defendants deny the allegations contained in paragraph 67 of Plaintiffs' Complaint.

68.     County Defendants deny the allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     County Defendants deny the allegations contained in paragraph 69 of Plaintiffs' Complaint.

70.     County Defendants deny the allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     With respect to the allegations contained in paragraph 71 of Plaintiffs' Complaint, County Defendants are without knowledge as to what Mr. Newman's cellmate believed and therefore deny such allegations. County Defendants otherwise deny all remaining allegations contained in paragraph 71.

72.     County Defendants deny the allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     County Defendants deny the allegations contained in paragraph 73 of Plaintiffs' Complaint.

74.     County Defendants deny the allegations contained in paragraph 74 of Plaintiffs' Compliant.

75.     County Defendants deny the allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     County Defendants deny the allegations contained in paragraph 76 of Plaintiffs' Complaint.

77.     County Defendants deny the allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     County Defendants are without knowledge as to the allegations contained in paragraph 78 of Plaintiffs' Complaint and therefore deny the same.

79.     With respect to the allegations contained in paragraph 79 of Plaintiffs' Complaint, County Defendants are without knowledge as to whether Mr. Salt got a response from Mr. Newman and therefore deny such allegations. County Defendants otherwise deny all remaining

allegations contained in paragraph 79.

80.     With respect to the allegations contained in paragraph 80 of Plaintiffs' Complaint, County Defendants admit that Deputy Summers entered Mr. Newman's cell at approximately 11:43 a.m. on July 18, 2021, and found Mr. Newman to be unresponsive. County Defendants otherwise deny all remaining allegations contained in paragraph 80.

81.     County Defendants deny the allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     County Defendants deny the allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     County Defendants deny the allegations contained in paragraph 83 of Plaintiffs' Complaint.

84.     County Defendants deny the allegations contained in paragraph 84 of Plaintiffs' Complaint.

85.     County Defendants are without knowledge as to the allegations contained in paragraph 85 of Plaintiffs' Complaint and therefore deny the same.

86.     County Defendants deny the allegations contained in paragraph 86 of Plaintiffs' Complaint.

87.     County Defendants deny the allegations contained in paragraph 87 of Plaintiffs' Complaint.

88.     County Defendants deny the allegations contained in paragraph 88 of Plaintiffs' Complaint.

89.     With respect to the allegations contained in paragraph 89 of Plaintiffs' Complaint, County Defendants assert that BWC footage of the subject incident speaks for itself and otherwise deny the allegations.

90.     With respect to the allegations contained in paragraph 90 of Plaintiffs' Complaint, County Defendants assert that BWC footage of the subject incident speaks for itself and otherwise deny the allegations.

91.     County Defendants deny the allegations contained in paragraph 91 of Plaintiffs' Complaint.

92.     County Defendants deny the allegations contained in paragraph 92 of Plaintiffs' Complaint.

93.     County Defendants deny the allegations contained in paragraph 93 of Plaintiffs' Complaint.

94.     With respect to the allegations contained in paragraph 94 of Plaintiffs' Complaint, County Defendants assert that Mr. Newman's medical records speak for themselves. County Defendants otherwise deny the allegations contained in paragraph 94.

95.     County Defendants deny the allegations contained in paragraph 95 of Plaintiffs' Complaint.

96-103.     County Defendants assert that the allegations contained in paragraphs 96 through 103 of Plaintiffs' Complaint are either legal conclusions, representations of medical issues that are "well known," or other efforts to set forth expert opinion and/or standards of care and do not require a response from County Defendants. To the extent a response is required, County

Defendants deny such allegations.

104.     With respect to the allegations contained in paragraph 104 of Plaintiffs' Complaint, County Defendants admit that there is a nurse on staff at the MCDC, but the nurse was not staffed on the weekends. County Defendants otherwise deny all remaining allegations contained in paragraph 104.

105-106.     County Defendants assert that the allegations contained in paragraphs 105 through 106 of Plaintiffs' Complaint are either legal conclusions, representations of medical issues that are "well known," or other efforts to set forth expert opinion and/or standards of care and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

107.     With respect to the allegations contained in paragraph 107 of Plaintiffs' Complaint, County Defendants admit that the MCDC did not have a CIWA policy. County Defendants otherwise deny all remaining allegations contained in paragraph 107.

108.     With respect to the allegations contained in paragraph 108 of Plaintiffs' Complaint, County Defendants admit that the MCDC did not staff a nurse on the weekends. County Defendants otherwise deny all remaining allegations contained in paragraph 108.

109.     With respect to the allegations contained in paragraph 109 of Plaintiffs' Complaint, County Defendants assert that the subject policies speak for themselves and otherwise deny the allegations.

110.     County Defendants deny the allegations contained in paragraph 110 of Plaintiffs' Complaint.

111.    County Defendants deny the allegations contained in paragraph 111 of Plaintiffs' Complaint.

112.    County Defendants deny the allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.    County Defendants deny the allegations contained in paragraph 113 of Plaintiffs' Complaint.

114.    County Defendants deny the allegations contained in paragraph 114 of Plaintiffs' Complaint.

115.    County Defendants deny the allegations contained in paragraph 115 of Plaintiffs' Complaint.

116.    County Defendants deny the allegations contained in paragraph 116 of Plaintiffs' Complaint.

117.    County Defendants deny the allegations contained in paragraph 117 of Plaintiffs' Complaint.

118.    County Defendants deny the allegations contained in paragraph 118 of Plaintiffs' Complaint.

119.    County Defendants deny the allegations contained in paragraph 119 of Plaintiffs' Complaint.

120-144.    With respect to the allegations contained in paragraphs 120 through 144 of Plaintiffs' Complaint, County Defendants admit that Harrison Begay had been booked in the MCDC and passed away on October 27, 2013, while in the custody of the Montezuma County

Sheriff's Office. County Defendants further admit that a lawsuit was filed relating to the death of Mr. Begay. County Defendants assert that the allegations, assertions, denials, and defenses raised in the pleadings and set forth in the discovery materials of that lawsuit, including Montezuma County Sheriff's Office reports and autopsy reports, speak for themselves and otherwise deny all allegations contained in paragraphs 120 through 144.

145-175.     With respect to the allegations contained in paragraphs 145 through 175 of Plaintiffs' Complaint, County Defendants admit that Scott Watson had been booked in the MCDC and passed away on December 27, 2013, while in the custody of the Montezuma County Sheriff's Office. County Defendants assert that the Montezuma County Sheriff's Office reports, autopsy reports, and media publications speak for themselves and otherwise deny all allegations contained in paragraphs 145 through 175.

176-200.     With respect to the allegations contained in paragraphs 176 through 200 of Plaintiffs' Complaint, County Defendants admit that Dani Miller had been booked in the MCDC and passed away on October 24, 2015, while in the custody of the Montezuma County Sheriff's Office. County Defendants assert that the Montezuma County Sheriff's Office reports and autopsy reports speak for themselves and otherwise deny all allegations contained in paragraphs 176 through 200.

201-231.     With respect to the allegations contained in paragraphs 145 through 175 of Plaintiffs' Complaint, County Defendants admit that Brandon Michael McMordie had been booked in the MCDC and passed away on May 22, 2019, while in the custody of the Montezuma County Sheriff's Office. County Defendants assert that the Montezuma County Sheriff's Office

15

reports, autopsy reports, and media publications speak for themselves and otherwise deny all allegations contained in paragraphs 201 through 231.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
*42 U.S.C. § 1983*
*Fourteenth Amendment – Monell Liability*
**(Plaintiff Estate against County Defendants)**

232.    County Defendants incorporate their responses to paragraphs 1 through 231 of Plaintiffs' Complaint as though fully set forth herein.

233.    County Defendants deny the allegations contained in paragraph 233 of Plaintiffs' Complaint.

234.    County Defendants deny the allegations contained in paragraph 234 of Plaintiffs' Complaint.

235.    County Defendants deny the allegations contained in paragraph 235 of Plaintiffs' Complaint including all subparagraphs thereto.

236.    County Defendants assert that the allegations contained in paragraph 236 of Plaintiffs' Complaint are either legal conclusions, representations of medical issues that are "well known," or other efforts to set forth expert opinion and/or standards of care and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

237.    County Defendants assert that the allegations contained in paragraph 237 of Plaintiffs' Complaint are either legal conclusions, representations of medical issues that are "well known," or other efforts to set forth expert opinion and/or standards of care and do not require a

response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

238.    County Defendants deny the allegations contained in paragraph 238 of Plaintiffs' Complaint.

239.    County Defendants deny the allegations contained in paragraph 239 of Plaintiffs' Complaint.

240.    County Defendants deny the allegations contained in paragraph 240 of Plaintiffs' Complaint.

241.    County Defendants deny the allegations contained in paragraph 241 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
### *Negligence in the Operation of a Jail resulting in Wrongful Death*
### (Plaintiff Wilson against County Defendants)

242.    County Defendants adopt their responses to paragraphs 1 through 241 of Plaintiffs' Complaint as though fully set forth herein.

243.    County Defendants assert that the allegations contained in paragraph 243 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

244.    With respect to the allegations contained in paragraph 244 of Plaintiffs' Complaint, County Defendants admit that Mr. Newman was arrested by the Cortez PD related to charges for third-degree assault and disorderly conduct and that the status of such charges was noted as pre-

17

disposition. County Defendants otherwise deny all remaining allegations contained in paragraph 244.

245.    County Defendants assert that the allegations contained in paragraph 245 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

246.    With respect to the allegations contained in paragraph 246 of Plaintiffs' Complaint, County Defendants admit that Mr. Newman was arrested by Cortez PD and brought to the MCDC on July 17, 2021, then to the hospital, and then was booked into and in the custody of the Montezuma County Sheriff's Office. County Defendants otherwise deny all remaining allegations contained in paragraph 246.

247.    County Defendants assert that the allegations contained in paragraph 247 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

248.    County Defendants assert that the allegations contained in paragraph 248 of Plaintiffs' Complaint are either legal conclusions, representations of duties, or other efforts to set forth expert opinion and/or standards of care and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

249.    County Defendants deny the allegations contained in paragraph 249 of Plaintiffs' Complaint including all subparagraphs thereto.

250.    County Defendants deny the allegations contained in paragraph 250 of Plaintiffs' Complaint.

251.    County Defendants are without knowledge as to the allegations contained in paragraph 251 of Plaintiffs' Complaint and therefore deny the same.

252.    County Defendants deny the allegations contained in paragraph 252 of Plaintiffs' Complaint.

253.    County Defendants deny the allegations contained in paragraph 253 of Plaintiffs' Complaint.

254.    County Defendants deny the allegations contained in paragraph 254 of Plaintiffs' Complaint.

### THIRD CLAIM FOR RELIEF
*Negligence in the Operation of a Hospital and Medical Negligence Causing Wrongful Death*
**(Plaintiff Wilson Against Southwest Health System, Inc., d/b/a Southwest Memorial Hospital, Montezuma County Hospital District, and Dr. Davidson)**

255.    County Defendants incorporate their responses to paragraphs 1 through 254 of Plaintiffs' Complaint as though fully set forth herein.

256-266.        County Defendants assert that the allegations contained in paragraphs 256 through 266 of Plaintiffs' Complaint are directed to Defendants other than County Defendants and therefore do not require a response from County Defendants. To the extent a response is required, County Defendants are without knowledge as to the allegations contained in paragraphs 256 through 266 and therefore deny the same. County Defendants further assert that the Montezuma County Hospital District has been dismissed from this action.

**FOURTH CLAIM FOR RELIEF**
*C.R.S. § 13-21-131*
*Cruel and Unusual Punishment and Deprivation of Due Process Violation of Colorado*
*Constitution, Article 2, Sections 20 and 25*
**(Plaintiff Estate against Defendants Deputy Summers and Deputy Daulton in their**
**individual capacities)**

267.    County Defendants incorporate their responses to paragraphs 1 through 266 of Plaintiffs' Complaint as though fully set forth herein.

268.    County Defendants admit that Plaintiffs assert their fourth claim for relief against Deputies Summers and Daulton in their individual capacities and otherwise deny all remaining allegations contained in paragraph 268 of Plaintiffs' Complaint.

269.    County Defendants admit the allegations contained in paragraph 269 of Plaintiffs' Complaint.

270.    County Defendants assert that the allegations contained in paragraph 270 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

271.    County Defendants assert that the allegations contained in paragraph 271 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

272.    County Defendants assert that the allegations contained in paragraph 272 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such

allegations.

273.   County Defendants assert that the allegations contained in paragraph 273 of Plaintiffs' Complaint are legal statements or conclusions and do not require a response from County Defendants. To the extent a response is required, County Defendants deny such allegations.

274.   County Defendants deny the allegations contained in paragraph 274 of Plaintiffs' Complaint.

275.   County Defendants deny the allegations contained in paragraph 275 of Plaintiffs' Complaint.

276.   County Defendants deny the allegations contained in paragraph 276 of Plaintiffs' Complaint.

277.   County Defendants deny the allegations contained in paragraph 277 of Plaintiffs' Complaint.

278.   County Defendants deny the allegations contained in paragraph 278 of Plaintiffs' Complaint.

## IV. PRAYER FOR RELIEF

County Defendants deny all allegations contained in section IV of Plaintiffs' Complaint, including all subparagraphs thereto and including that Plaintiffs are entitled to any relief in this matter.

## AFFIRMATIVE DEFENSES

1.      County Defendants allege that Plaintiffs have failed to state a claim or cause of action against them for which relief can be granted.

2.      County Defendants allege that the sole proximate cause of the injuries and/or damages alleged were due to Mr. Newman's negligence, intentional conduct, fault, and/or failure to follow medical advice or that his negligence, intentional conduct, fault, and/or failure to follow medical advice contributed to the same. On a comparative basis, the negligence and/or fault of Mr. Newman outweighs that of County Defendants, whose negligence and/or fault is specifically denied.

3.      County Defendants allege that Plaintiffs' claims are barred as, at all times relevant to Plaintiffs' Complaint, County Defendants were performing discretionary functions and were otherwise acting in good faith and are, therefore, entitled to official, good faith, and qualified immunity.

4.      County Defendants allege that Plaintiffs' claims are barred as, at all times relevant to Plaintiffs' Complaint, County Defendants did not violate a clearly established statutory or constitutional right of Mr. Newman and/or Plaintiffs and, as a consequence, Plaintiffs' claims against County Defendants are barred by the doctrines of official, good faith, and qualified immunity.

5.      County Defendants allege that Plaintiffs' claim against County Defendants is barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997 (e)(e), *et seq.*

6.      County Defendants allege that Mr. Newman and/or Plaintiffs' injuries and damages, if any, were proximately caused by the conduct and/or fault of others over whom County Defendants had neither actual control nor right of control.

7.      County Defendants allege that Plaintiffs' claimed damages, if any, may be the result of Mr. Newman's pre-existing medical conditions and/or were not caused or aggravated by the actions or omissions of County Defendants.

8.      County Defendants allege that Plaintiffs' claim for punitive or exemplary damages violates the Excessive Fines clause of the Eighth Amendment to the United States Constitution; the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and the Double Jeopardy clause of the Fifth Amendment to the United States Constitution.

9.      County Defendants allege that Plaintiffs' claims for punitive or exemplary damages are barred or subject to the limitations of C.R.S. § 13-21-102.

10.     County Defendants allege that if they are found to be liable for any wrongful act under the claims raised by Plaintiffs, then County Defendants are entitled to a reduction in the damages asserted against them based on the fault or amount paid in settlement by any other defendant or third-party defendant.

11.     County Defendants allege that Mr. Newman assumed the risk of injury or damages claimed by Plaintiffs.

12.     County Defendants allege that Mr. Newman and/or Plaintiffs failed to reasonably mitigate Plaintiffs' alleged damages, if any, as required by law.

13.     County Defendants allege that Plaintiffs' claims for non-economic damages are subject to the limitations of C.R.S. § 13-21-102.5.

14.     County Defendants allege that Plaintiffs' claims for damages are subject to reduction based on the limitations of damage provision of the Colorado Wrongful Death Act including, but not limited to, C.R.S. § 13-21-203.

15.     County Defendants allege that Plaintiffs' claims are barred or limited by the provisions of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et. seq*., and case law interpreting the same.

16.     County Defendants allege that Plaintiffs' claims are barred or limited by the provisions of C.R.S. § 13-21-131 and case law interpreting the same.

17.     County Defendants allege that Plaintiffs' claims for damages are subject to reduction based on compensation from another or collateral source.

18.     County Defendants allege that Plaintiffs' claims are subject to reduction under the doctrine of set-off.

19.     County Defendants adopt the defenses of any other Defendant in this matter.

20.     County Defendants reserve the right to add or delete any defenses as determined appropriate through discovery.

WHEREFORE, having fully answered the Amended Complaint, County Defendants pray for dismissal of the same with prejudice, for their fees and costs, and for such other and further relief the Court deems just and proper.

## JURY DEMAND

County Defendants demand trial to a jury on all issues.

Respectfully submitted,

Date:  November 7, 2022                    s/ Ann B. Smith

Ann B. Smith
VAUGHAN & DeMURO
111 South Tejon, Suite 545
Colorado Springs, CO 80903
(719) 578-5500 (phone)
asmith@vaughandemuro.com (e-mail)
ATTORNEY FOR COUNTY DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

**Anna Holland Edwards, Esq.**
Anna@hheglaw.com

**Dan Weiss, Esq.**
dan@hheglaw.com

**Erica Grossman, Esq.**
erica@hheglaw.com

**Kevin D. Homiak, Esq.**
kevin@homiaklaw.com

**Mark B. Collier, Esq.**
mcollier@messner.com

**Matthew W. George, Esq.**
mgeorge@messner.com

**Amy Cook Olson, Esq.**

acookolson@kco-law.com

**Angela Klein, Esq.**
aklein@kco-law.com

s/ Ann B. Smith
Ann B. Smith