IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-PAB-KLM

ESTATE OF KELROY NEWMAN, by and through
putative personal representative, Bryanne Watts-Lucero;
JASMIN WILSON, a minor child, by and through next
friend and mother, Elisa Wilson;

 Plaintiffs,
v.

BOARD OF COUNTY COMMISSIONERS OF
MONTEZUMA, COLORADO;
SHERIFF STEVEN NOWLIN, individually
and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a
Southwest Memorial Hospital;
and RANDY GENE DAVIDSON, MD,
individually,

 Defendants.
_____

**DEFENDANT SWMH'S OBJECTION & RESPONSE TO PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER RELATING TO AMENDMENT OF PLEADING [DKT. 48]**
_____

Counsel for SOUTWEST HEALTH SYSTEM, INC., d/b/a Southwest Memorial Hospital, respectfully objects to Plaintiff's Motion to Amend the Scheduling Order related to the Amendment of Pleadings (EMTALA) [DKT. 48] as follows:

## INTRODUCTION

This is a case alleging medical negligence and wrongful death related to Mr. Newman's July 17, 2021 presentation to SWMH for medical clearance for incarceration. Plaintiffs allege that the defendant hospital and physician failed to appropriately medically screen

1

Mr. Newman prior to his incarceration and that his death on Jul 18, 2021 was due to alcohol withdrawal. The defendant hospital and physician deny these claims and assert that at all times that Mr. Newman underwent a reasonable medical screening examination and was reasonably released for incarceration. Further, the autopsy confirmed that Mr. Newman's cause of death was liver cirrhosis and severe fatty metamorphosis and not acute alcohol intoxication/withdrawal as alleged by the Plaintiffs.

Plaintiffs' Motion to Amend (to later add an EMTALA claim) should be denied as Plaintiffs admitted in conferral that they "had enough to amend the Complaint" to add an EMTALA claim but made a strategic decision to pursue additional discovery before adding the claim. Specifically, on January 30, 2023 Plaintiffs' counsel conferred and admitted, "*On the EMTALA point, we think it would be much better to have the depositions of the hospital workers and defendant Doctor taken before amending, but we have enough to do it now and will move to amend to add the claim today or tomorrow if we can't get agreement to the extension.*" *See* Exhibit 1.  Instead of moving to Amend to timely add the claim on January 31, 2023, Plaintiffs moved for an extension arguing that they need more time to conduct discovery about the medical clearance, "lack of testing and stabilizing before transfer" before adding a claim.  However, any extension at this point is unduly prejudicial as (1) Plaintiffs have already amended their Complaint once; (2) the deadline for further amendments has passed; (3) discovery is ongoing and (4) an open-ended extension pending depositions that remain unscheduled and even unrequested at this juncture is further prejudicial and risk compromising the discovery schedule and deadlines which include expert witness endorsements-the first deadline for which is due May 23, 2023.  Lastly, Mr. Newman's medical clearance and screening for jail has been

the subject of the claims against the hospital and physician since the inception of this case, and even earlier as raised in the Notice of Claim. Plaintiffs had more than ample opportunity to timely add an EMTALA claim, admitted they "had enough to do it now," but did not amend before the deadline expired. Accordingly, Plaintiffs' extension should be denied.

## **TIMELINE**

1. On July 17, 2021, Mr. Newman presented in custody to SWMH for medical clearance and was medically cleared for incarceration.

2. On July 18, 2021, Mr. Newman presented to SWMH in cardiac arrest and did not recover.

3. An Autopsy was performed concluding that Mr. Newman died of liver cirrhosis and severe fatty metamorphosis.

4. On January 13, 2022, Plaintiffs, through counsel Holland, Holland Edward & Grossman filed a Notice of Claim alleging that no "<u>meaningful exam or testing as conducted</u>." See Exhibit 2, Notice of Claim. The Notice states:

> Mr. Newman was arrested on July 17, 2021 by Cortez Police Department. He was taken to the Montezuma County Detention Center/Jail at 730 East Driscoll Street in Cortez, Colorado. Upon arrival there, he was found to have an incredibly high blood alcohol level of .421. He was taken to Southwest Memorial Hospital where he was "cleared" to go to the jail, but the medical records indicate no meaningful exam or testing was conducted. Mr. Newman appears to have been at the hospital for less than half an hour.

5. On July 15, 2022 Plaintiffs filed the Complaint alleging medical negligence claims against SWMH and Dr. Davidson claiming that Mr. Newman was not properly medically cleared or screened for incarceration citing to intoxication. Complaint, para. 29-30; 101.

6. On September 1, 2022, Plaintiffs filed an Amended Complaint supplementing their allegations against SWMH and Dr. Davidson arguing again that Mr. Newman was not

3

appropriately cleared for incarceration, "he was taken to SWMH to be cleared to go to MCDC but no blood tests, imaging studies, or meaningful examination were conducted, and he was there for less than half an hour." Amended Complaint [DKT 7], para. 3.

7. On November 22, 2022 the parties issued a proposed Scheduling Order jointly proposing the deadline for amending pleadings until January 15, 2023. However, the Defendant's requested extension of time until February 10, 2023 to designate non-parties, particularly where Mr. Newman's medical records regarding his severe liver disease had not been disclosed, was strongly opposed by Plaintiffs' counsel who argued, "***defendants have been aware of this litigation since notice of claims was given in January 2022…waiting longer to learn who else Defendants believe to be related to these claims creates additional delays and expense for the Plaintiff in adding additional parties and conducting discovery***." See Proposed Scheduling Order [DKT 32] Plaintiffs additionally complained that additional parties would necessarily mean additional depositions and discovery and that "**Plaintiffs won't have enough time to investigate those additional parties to ask questions about them in depositions or be able to add those parties to the litigation such that they can participate in the depositions.**" Id.

8. On December 2, 2022, the Case Management Order was entered ordering defendant's non-party designations due January 17, 2023 and Plaintiff's Amendments to Pleadings extended to January 31, 2023. See DKT 43.

9. On January 30th, 2023, one day before the deadline to Amend the Complaint, Plaintiffs' counsel admitted:

4

"On the EMTALA point, we think **it would be much better** to have the depositions of the hospital workers and the defendant doctor taken before amending**, but we have enough now and will move to amend to add the claim today or tomorrow** if we can't get an agreement as to the extension."  See Exhibit 1.

10.     Instead of timely moving to amend prior to the January 31, 2023 deadline established by the Scheduling Order, Plaintiff filed this Motion requesting an open-ended deadline to Amend once they complete depositions and discovery that has not even scheduled, and in the case of Dr. Davidson, has not even been requested.[1]  The alleged basis for adding an EMTALA is that Plaintiffs' counsel are "working to ascertain" whether to add a claim related to "lack of screening" before Mr. Newman was cleared for incarceration. *See* Plaintiffs' Motion, DKT 48.  Yet, the medical clearance has been the heart of Plaintiffs' claim from the onset of this case.  Indeed, Plaintiffs confess that they "have enough now" to assert an EMTALA, but did not timely amend.  *See* Exhibit 1.

## DISCUSSION

Grounds for a trial court's denial of a motion to amend the pleadings include undue delay, undue prejudice to the opposing party, and futility of amendment. *Corporate Stock Transfer, Inc. v. AE Biofuels, Inc.*, 663 F.Supp.2d 1056, 1061 (D. Colo. 2009). After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard. *Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Association*, 771 F.3d 1230, 1240 (10th Cir. 2014). Rule 16's "good cause" standard focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed

---

[1] Dr. Davidson offered his availability for his deposition on 2/17 which Plaintiffs declined to schedule.  Nurse Gaddis who triaged Mr. Newman on 7/17, the medical clearance in question, is scheduled for a 3-hour deposition on 2/17.

amendment. *Stevens v. Mulay,* No. 19-CV-01675-REB-KLM, 2021 WL 1153059, at *2 (D. Colo. Mar. 26, 2021). Properly construed, "good cause" under Rule 16(b) means that the scheduling order cannot be met despite a party's diligent efforts. *Allstate Sweeping, LLC. V. City & Cnty. Of Denver,* No. 10-CV-00290-MSK-MJW, 2011 WL 308402, at 1 (D.Colo.Jan.28, 2011).

Here, Plaintiffs have not established good cause to modify the scheduling order, particularly when they admit they had sufficient basis to add an EMTALA claim before the deadline expired. Plaintiff complaints related to scheduling, discovery responses, discovery disputes are a red herring particularly in light of their admission that the Complaint could have been timely amended. Just as argued by Plaintiffs in opposition of extending the non-party designation deadline, allowing further extensions to allow additional claims is unduly prejudicial as would necessarily cause unnecessary delays and expense. Allowing an open-ended deadline for amendment of the pleadings would cause significant undue prejudice to the defendant where the claims should be known *before* discovery is conducted, not after. Lastly, the scheduling order could be compromised by this "open ended" extension where additional discovery would need to be completed as a result of a new claim. Further, expert endorsement deadlines begin rolling out as soon as May 2023. Accordingly, Plaintiff's Motion should be Denied.

WHEREFORE, counsel for Southwest Memorial Hospital respectfully requests that the Plaintiffs' Motion to Amend the Scheduling Order be denied and for whatever additional relief this court deems appropriate.

Dated: February 13, 2023.	Respectfully submitted,

        KLEIN COOK OLSON LLC

        */s/ Amy Cook Olson, Esq.*

        Amy Cook Olson, Esq.
        Angela Lund Klein, Esq.
        KLEIN COOK OLSON, LLC
        2130 Resort Drive, Unit E
        Steamboat Springs, Colorado 80487
        Telephone:  (720) 505-1819
        Facsimile:  (888) 975-0239
        acookolson@kco-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February, 2023, a true and correct copy of the foregoing was filed and served via CM/ECF to all counsel of record in this matter.

        *s/ Amy Cook Olson*
        Amy Cook Olson