IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-PAB-KLM

ESTATE OF KELROY NEWMAN, by and through
putative personal representative, Bryanne Watts-Lucero;
J.W., a minor child, by and through next friend and
mother, Elisa Wilson;

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MONTEZUMA, COLORADO;
SHERIFF STEVEN NOWLIN, individually and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER
CONCERNING CONFIDENTIAL INFORMATION**
_____

This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective Order Concerning Confidential Information ("Protective Order") from the parties, by and through their respective counsel. All parties stipulated to, and moved the Court for entry of, this Protective Order pursuant to Fed. R. Civ. P. 26(c) as to the treatment of Confidential Information (as defined herein).

Having reviewed the parties' proposed Protective Order, and upon a showing of good cause in support of the entry of a Protective Order to protect the disclosure and discovery of confidential and security-sensitive information in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition testimony, responses to subpoenas for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be:

   a. Information in which a party asserts that it has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure;

   b. Proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, safety and security protocols, trade secrets, training materials, and similar information treated or considered by a Party, whether by policy or practice, to be confidential or proprietary; and

   c. Information implicating a nonparty's privacy interest, including but not limited to sensitive criminal justice information, personal identifying information, and personal employment information, which a party considers confidential.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The above listing of types of documents that may be considered CONFIDENTIAL does not preclude any party from invoking the procedures contained herein to object to the designation of documents of the types listed here.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a. attorneys actively working on this case;

b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c. the parties, including one or more designated representatives for any Defendant whose assistance is required by counsel for the parties in preparation for trial, at trial, or at other proceedings in this case;

d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary in preparation for trial, at trial, or at other proceedings in this case;

e. the Court and its employees ("Court Personnel");

f. stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. deponents, witnesses and potential witnesses; and

h. other persons by written agreement of the parties.

5. Counsel who intend to use CONFIDENTIAL information in court proceedings or in court filings, shall make a good faith effort to have the CONFIDENTIAL information restricted from public access, pursuant to D.C.COLO.LCivR 7.2, but no further action on the part of the filing party to maintain restricted public access shall be required.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, parties, persons employed by counsel, Court Personnel, and stenographic and video reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Counsel for the party producing any information that will be designated CONFIDENTIAL shall review the information and, designate such information CONFIDENTIAL based on a good faith belief that the information is in fact confidential or otherwise entitled to protection. Until such time as this information is designated as CONFIDENTIAL, however, it shall be treated as non-confidential.

9. Whenever a deposition involves the use of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. If the designation of CONFIDENTIAL is made on the record at the deposition, then the testimony shall be treated as CONFIDENTIAL through and including the end of the 30-day period after completion of the transcript. If testimony is not designated as

CONFIDENTIAL, the testimony shall be treated as non-confidential until and unless it is later designated as CONFIDENTIAL, in which case it shall be treated as contemplated in paragraph 13 below. The cover page and those portions of the original transcripts that contain Confidential Material shall bear a legend indicating that the transcript contains Confidential Material, such as "CONFIDENTIAL." The use of Exhibits that are marked CONFIDENTIAL during deposition does not cause them to lose their CONFIDENTIAL designation, however any testimony about those Exhibits will be considered non-confidential until and unless it is designated as CONFIDENTIAL.

10.     A party at any time during the litigation may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion within twenty-one (21) days of receiving the written notice of objection, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The parties may agree to a longer time for the filing of appropriate motions in writing without leave of the Court. If such a process is timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the dispute. If the designating party fails to initiate this process within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a dispute initiated under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. Information shall not be designated CONFIDENTIAL after the conclusion of this case (deemed to be within 60 days of either the entry of judgment which is not appealed or issuance of an appellate mandate or dismissal). However, any information designated CONFIDENTIAL during the pendency of this case, and which retains such designation until and including the conclusion of this case, shall retain such designation indefinitely. The restrictions in this Protective Order on use of CONFIDENTIAL Information shall survive the conclusion of this case.

12. Publicly available information or information obtained non-confidentially in other litigation shall not be treated as CONFIDENTIAL regardless of whether such designation is affixed to copies of the information produced during litigation. If a party believes that information designated CONFIDENTIAL is publicly available or has been obtained non-confidentially in other litigation, the parties will follow the procedure set forth in paragraph 10 above.

13. If a disclosing party inadvertently discloses information that was not designated as CONFIDENTIAL but later determines that the disclosed information should have been designated as CONFIDENTIAL, the disclosing party shall promptly notify the other (or non-disclosing) party of the error and furnish properly designated copies of the disclosed information. Upon receipt of notice of the improperly undesignated disclosure, the non-disclosing party shall treat all copies of the disclosed information as CONFIDENTIAL from the date of the notice.

14. In the event a party that has designated information CONFIDENTIAL wishes to remove such designation, they may do so unilaterally at any time.

15. The parties agree to continue to abide by this protective order after the conclusion of this case (deemed to be within 60 days of either the entry of judgment which is not appealed or issuance of an appellate mandate or dismissal). Counsel may keep copies of all correspondence, court filings, and other documents maintained as part of counsel's normal file retention practices.

16. By agreeing to entry of this Protective Order, the parties state they adopt no position as to the authenticity or admissibility of information produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case. In addition, nothing in this Protective Order requires the disclosure of information otherwise not subject to discovery, subject to attorney-client privilege, or constituting attorney work product.

17. Nothing in this Protective Order shall preclude any Party or nonparty from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or regarding the manner in which Confidential Information shall be treated at trial.

18. By designating information as CONFIDENTIAL and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: _____, 2023                        BY THE COURT

                                                _____

APPROVED:

*/s/ Anna Holland Edwards*
Anna Holland Edwards
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
dan@hheglaw.com

and

*/s/ Kevin D. Homiak*
Kevin Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, CO 80204
kevin@homiaklaw.com
*Attorneys for Plaintiffs*

*/s/Ann B. Smith*
Ann B. Smith
VAUGHAN & DEMURO
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
asmith@vaughandemuro.com
gvaughan@vaughandemuro.com
*Attorneys for Defendants Montezuma County, Sheriff Nowlin, Zachary Summers, & Andrew Daulton*

*/s/ Mark Collier*
Mark Collier
Matthew George
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO 80202
mcollier@messner.com
mgeorge@messner.com
*Attorneys for Defendant Randy Davidson, M.D.*

*/s/ Amy E. Cook Olson*
Amy E. Cook Olson
Angela Lund Klein
KLEIN COOK OLSON, LLC
2130 Resort Drive, Unit E
Steamboat Springs, CO 80487
acookolson@kco-law.com
aklein@kco-law.com
*Attorneys for Defendant Southwest Health System, Inc, d/b/a Southwest Memorial Hospital*