IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01763-PAB-KLM

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero;
J.W., a minor child, by and through next friend and mother, Elisa Wilson,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA, COLORADO;
SHERIFF STEVEN NOWLIN, individually and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion for Modification of the Scheduling Order Relating to Amendment of Pleadings Deadline** [#48] (the "Motion"). The Motion [#48] seeks to extend the January 31, 2023 deadline to amend pleadings to enable Plaintiffs to obtain depositions and discovery related to policies and procedures of Southwest Memorial Hospital (the "Hospital") to determine whether to amend the complaint to add a claim under the Emergency Medical Treatment and Active Labor Act ("EMTALA") against the Hospital.

Plaintiffs state that the Hospital's written policies and procedures will be produced after the Court has entered the parties' proposed protective order, and that Plaintiffs intend to start taking depositions of Hospital witnesses in February.[1] Accordingly, Plaintiffs seek to modify the deadline to amend pleadings from January 31, 2023 to an unspecified date two weeks after SWMH's policies and protocols are received, and the depositions of Nurses Gaddis and Oliver, and Doctors Davidson and Fowler are completed. The Hospital opposes the Motion to Modify Scheduling Order [#48] on such grounds as the deadline to amend pleadings is open-ended, good cause has not been established to amend the Scheduling Order, and Plaintiffs have confessed that they "have enough now" to assert an EMTALA, but did not timely amend the complaint to assert such a claim. *Response* [#50] at 5.

The Court finds that the Motion [#48] should be **granted in part and denied in part**. To the extent Plaintiffs seek to extend the deadline so they can further investigate whether to file an EMTALA claim, the Court finds that Plaintiffs have demonstrated good cause sufficient to grant the Motion [#48]. While Plaintiffs might have had "enough" to assert an EMTALA claim at the time of the filing of the Motion, as the Hospital argues, the Court believes it is appropriate to allow a party to conduct a more thorough investigation to ensure itself that the claim should actually be added to the complaint. The Court highlights that discovery had not even commenced when the Motion [#48] was filed, the discovery cutoff is months away, on September 4, 2023, and Plaintiffs appear to be diligently seeking the discovery they need in order to determine whether to amend the

---

[1] The Court is entering the proposed Stipulated Protective Order today by separate Order.

2

complaint to add an EMTALA claim.  Moreover, if Plaintiffs do decide after further discovery to add such a claim, they will have to file a motion to amend the complaint, which will allow the Hospital to make many of the arguments it asserts in opposition to the Motion [#48].

The Court **denies** the Motion [#48], however, to the extent it requests an open-ended deadline to amend the pleadings.  The Court instead sets a deadline of April 8, 2023 to amend the pleadings.  This should provide time for Plaintiffs to obtain discovery needed to determine whether to amend the complaint to add an EMTALA claim, even if all of the depositions of the Hospital have not been completed.       .

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#48] is **GRANTED**.  Plaintiffs have up to and including **April 8, 2023**, to amend the pleadings in regard to an EMTALA claim.

Dated: February 22, 2023

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge