IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01763-PAB-KLM

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero,
ELISA WILSON, next friend and mother of a minor child, J.W.,

      Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA, COLORADO,
SHERIFF STEVEN NOWLIN, individually and in his official capacity,
ZACHARY SUMMERS, individually,
ANDREW DAULTON, individually,
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital,
RANDY GENE DAVIDSON, MD, individually,

      Defendants.

## MOTION TO QUASH SUBPOENA TO PRODUCE TO CORTEZ POLICE DEPARTMENT

The City of Cortez, Colorado (the "City")[1] moves this Court to enter an Order quashing the Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served on the City or, in the alternative, modifying the Subpoena and issuing a protective order for any disclosed information. In support of this Motion, the City states as follows:

---

[1] The Subpoena was directed to the "Cortez Police Department." The Cortez Police Department is not an independent entity, but rather a department within the City of Cortez, a Colorado home rule municipality.

1

## D.C.COLO.LCivR. 7.1(a) CERTIFICATION

Jonathan Abramson, undersigned counsel for the City, conferred with counsel for Plaintiffs, Anna Holland Edwards ("Ms. Holland Edwards"), via email between March 21, 2023 and March 22, 2023, Ms. Holland Edwards responded by email and indicated Plaintiffs are opposed to the relief requested herein.

## BACKGROUND

Kelroy Newman ("Newman") was arrested on July 17, 2021, at approximately 10:00 a.m. by Officer Charles Osborn ("Officer Osborn") of the City of Cortez Police Department ("CPD") and was taken to Montezuma County Detention Center ("MCDC"). ECF 7, ¶28. Newman was then taken from MCDC to Southwest Memorial Hospital ("SWMH") to be "cleared" to go to MCDC because he was intoxicated and had visible injuries on his face. ECF 7, ¶¶31, 32. At SWMH, Newman was assessed by Dr. Randy Davidson, discharged and taken back to MCDC. ECF 7, ¶¶33, 34. MCDC staff found him unresponsive, but still alive, in his cell at approximately 11:43 a.m. on July 18, 2021. ECF 7, ¶80. Newman was eventually pronounced dead. ECF 7, ¶94. Plaintiffs allege that Newman's death was caused by complications from alcohol withdrawal. ECF 7, ¶¶95-97.

A lawsuit was filed on behalf on Newman's Estate and Newman's child in the U.S. District Court for the District of Colorado (the "Litigation"). ECF 7, p. 1. Plaintiffs allege various claims against the Board of County Commissioners of the County of Montezuma ("BOCC"), Sheriff Steven Nowlin ("Nowlin"), Zachary Summers ("Summers"), Andrew Daulton ("Daulton"), Southwest Health System, Inc. ("SWHS"), Montezuma County Hospital District ("MCHD") and Randy Gene Davidson, M.D. ("Davidson"). *Id.* Plaintiffs allege various violations such as

Negligence in the operation of a hospital and a jail, violation of C.R.S. §13-21-131 and a *Monell* claim against the County Defendants. ECF 7, pp. 34-45. The City, CPD and Officer Osborn are not named Defendants in the Litigation. ECF 7, ¶¶14-26. A Protective Order in this case was issued by the Court on February 22, 2023. ECF 57.

During discovery in the Litigation, Officer Osborn was deposed because he arrested Newman. Officer Osborn testified that after he arrested Newman, he turned off his body worn camera ("BWC").[2] Officer Osborn explained that he turned it off because Newman was cooperative. Accordingly, there was no BWC footage of the initial alcohol test at MCDC, or of Newman being medically cleared at SWMH. During Officer Osborn's deposition, Plaintiffs' counsel inquired about any arrests Officer Osborn made, which required a medical clearance at SWMH and where his BWC was activated. *See* Subpoena, attached hereto as Exhibit A, Attachment A. Officer Osborn testified that he recalled such an arrest the week prior to the deposition. Officer Osborn was deposed on February 16, 2023. The arrest referenced by Officer Osborn during the deposition occurred somewhere between February 6, 2023 and February 9, 2023. *See* Ex. A, Attachment A.

On March 8, 2023, undersigned counsel waived service of the Subpoena authored by Plaintiffs' counsel and addressed to CPD for production of various items such as (1) BWC footage of the arrest described by Officer Osborn during his deposition testimony (the February 6-9, 2023 arrest); (2) policies, handouts, procedures, checklists, or training materials provided by the hospital or the county regarding medical clearance, drug/alcohol withdrawal, or drug overdose; (3) policies, handouts, procedures, checklists, or training materials provided by CPD regarding medical

---

[2] The summary of Officer Osborn's testimony is provided based on undersigned counsel's recollection of the testimony provided by Officer Osborn at the deposition.

clearance, drug/alcohol withdrawal, or drug overdose; and (4) communications between and among any CPD employee and any county or hospital employee regarding the medical clearance process at SWMH. *See* Ex. A, Attachment A.

Subsequently, CPD located the BWC footage of the arrest discussed during Officer Osborn's deposition. Undersigned counsel has had an opportunity to review the BWC footage of the arrest. The video includes footage, unrelated to this case, of a detainee/subject being medically cleared for intoxication at SWMH on a date post this incident. The BWC footage at issue is over an hour long.

### A. ARGUMENT

CPD objects to Plaintiffs' Subpoena and to all requests for documents and video included in the Subpoena and asks this Court to quash the Subpoena. Fed. R. Civ. P. 45 permits discovery of non-parties by subpoena and the scope of discovery under "Rule 45 is the same as set forth in Rule 26(b)(1)." *Premier Election Solutions, Inc. v. SysTest Labs Inc.*, No. 09-CV-1822-WDM-KMT, 2009 U.S. Dist. LEXIS 94193, at *2 (D. Colo. 2009) (citing Fed. R. Civ. P. 45 Adv. Comm. Note (1970)). Rule 26(b)(1) is broad; it permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." However, courts will not permit a plaintiff to engage in a "fishing expedition" in hopes of snaring information to support his claim. *McGee v. Hayes*, 43 F. App'x 214, 217 (10th Cir. 2002) (citation and quotation omitted).

Rule 45 requires that the recipient of a subpoena to timely file a motion to quash or modify the subpoena if it (1) fails to allow a reasonable time to comply; (2) requires disclosure of privileged or other protected matter; or (3) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A). The objecting party has the burden of showing that the discovery requested is objectionable. *Klesch*

4

*& Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

The scope of discovery is further narrowed when subpoenas relate to non-parties as courts have a duty to ensure discovery from non-parties is "closely regulated." *See Echostar Communs. Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 396 (D. Colo. 1998). In fact, "[c]ourts may refuse discovery requests aimed at nonparties in cases where the same testimony or documents could instead be obtained from a party to the action, and a few courts even impose a heightened relevancy requirement for nonparty discovery requests." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 397 (D.N.M. 2018) (citation and quotation omitted). Thus, "the status of a person or entity as a non-party is a factor which weighs against disclosure." *Spacecon Specialty Contractors, LLC v. Bensinger*, No. 09-CV-02080-REB-KLM, 2010 U.S. Dist. LEXIS 111092, at *3 (D. Colo. 2010).

In determining whether to grant a motion to compel non-party production under Rule 45, courts "consider the burden on the nonparty, relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *Premier Election Sols., Inc.*, 2009 U.S. Dist. LEXIS 94193, at *3 (citation omitted).

1. <u>Undue burden</u>: CPD is a non-party to the Litigation. CPD is a smaller police department with limited staffing. The BWC footage at issue is over an hour long. Production of a variety of documents and the BWC footage requested will require expenditure of many hours of administrative work to make sure the production complies with HIPAA[3] and CCJRA[4] policies.[5]

---

[3] "HIPAA", Health Insurance Portability and Accountability Act of 1996.
[4] "CCJRA", the Colorado Criminal Justice Records Act.
[5] If the Court orders the production and denies CPD's Motion to Quash, CPD would ask the Court to order Plaintiff to compensate the City and CPD for the costs associated with administrative work necessary to properly prepare necessary documents and video for production and disclosure.

Because some of the BWC footage includes footage from a hospital[6], involving a third-party subject's arrest and medical treatment, the burden on CPD will be amplified. The discovery of medical records/information/treatment of a non-party subject will require CPD to make sure that sufficient safeguards are in place to protect the identity and privacy of the non-party subject. It will be a time-consuming task to make the necessary audio and video redactions to the BWC footage at issue.

CPD will also be further burdened by the request for production of various documents and communications. As written, the request does not have a time limitation. Thus, it is possible that CPD would have to review all communications for the entire mandatory records time retention period. Additional time would have to be invested for documents/communications to be reviewed to make sure only relevant and non-privileged documents are produced.

2. <u>Relevance</u>: The requested documents and BWC footage are not relevant to this case. Cortez, CPD and Officer Osborn are not named Defendants and Plaintiffs do not allege any claims against CPD or Officer Osborn. BWC footage of the arrest/treatment requested by Plaintiffs pertain to a subject/detainee unrelated to the Litigation. The video of the arrest requested by Plaintiffs occurred well after the incident subject to the Litigation. Likewise, any policies pertaining to CPD employees or communications between CPD employees have no relevance to what happened to Newman after he was brought to the hospital for evaluation and was no longer

---

[6] The City and CPD believe that a HIPPA release directly from a third-party who is depicted in the BWC video is required prior to release and disclosure of the BWC footage requested by Plaintiffs. HIPPA would be required because the BWC video depicts some of the treatment that this third-party received at the medical facility. Arguably, the Protective Order entered in this case is insufficient to trump the third-party's rights under HIPPA. The Protective Order does not specifically pertain to a third-party or a third-party's medical records, only to parties subject to the Protective Order. *See generally Estate of Booker v. City & County of Denver*, 2012 U.S. Dist. LEXIS 127401 (D. Colo. 2012).

in the custody of Officer Osborn, especially because no wrongdoing has not been alleged, nor could be alleged in good faith, against Officer Osborn.

3. <u>Plaintiffs' need for the documents and the breadth of the document request</u>: Plaintiffs have not demonstrated the need for the documents and the BWC footage requested. As argued above, the video of the arrest/processing/treatment of a non-related third-party subject/detainee, that occurred well after the incident subject to this Litigation, is irrelevant to the claims Plaintiffs are asserting against the named Defendants. The various policies Plaintiffs have requested from CPD, even if found to be relevant to the claims or defenses in the Litigation, could be obtained directly from the named Defendants themselves. Plaintiffs have also failed to demonstrate the need for communications between CPD and hospital employees regarding the medical clearance process at SWMH, because Plaintiffs failed to demonstrate the relevance of such communications to the subject of this Litigation and specific claims against the named Defendants.

4. <u>Time period covered by request</u>: Even though the Subpoena asks for specific date-related BWC footage, the request for documents contained in Attachment A to the Subpoena, Items (2)-(4) is not time period specific. Because the time period is unclear, and could potentially include multiple years (subject to record retention policy), it creates extra undue burden on CPD.

## B. CONCLUSION

The request for various documents and communications from CPD is not date/time specific and is irrelevant to the claims or defenses in this case, especially because neither the City, CPD or Officer Osborn are named Defendants in this action. Plaintiffs do not allege, and cannot in good faith allege, any wrongdoing on behalf of the City, CPD or Officer Osborn. The request for BWC footage of an arrest that Officer Osborn made approximately seven (7) months after the incident

subject to this action, which pertains to a third-party subject/detainee unrelated to this Litigation is likewise irrelevant. Compliance with Plaintiffs' Subpoena would subject CPD to substantial burden, especially because the information requested, if found to be relevant, could be obtained directly from the named Defendants in this case. This Court should quash Plaintiffs' Subpoena in full.

Dated this 22nd day of March, 2023.
KISSINGER & FELLMAN, P.C.
*s/ Jonathan M. Abramson*
Jonathan M. Abramson
Yulia Nikolaevskaya
3773 Cherry Creek N. Dr., #900
Denver, CO 80209
Telephone: 303-320-6100
Facsimile: 303-327-8601
Email: jonathan@kandf.com; julie@kandf.com
*Attorneys for the City of Cortez, Colorado, Cortez Police Department and Officer Charles Osborn, non-parties in the Litigation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Anna C. Holland Edwards, Esq. [anna@hheglaw.com]
Dan Weiss, Esq. [dan@hheglaw.com]
Kevin D. Homiak, Esq. [kevin@homiaklaw.com]
Erica Tick Grossman, Esq. [egrossman@johnhollandlaw.com]
*ATTORNEYS FOR PLAINTIFF*


Ann B. Smith, Esq. [asmith@vaughandemuro.com]
Gordon L. Vaughan, Esq. [gvaughan@vaughanddemuro.com]
*ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA, COLORADO, SHERIFF STEVEN NOWLIN, ZACHARY SUMMERS AND ANDREW DAULTON*

Amy E. Cook Olson, Esq. [acookolson@kco-law.com]
Angela Lund Klein, Esq. [aklein@kco-law.com]
*ATTORNEYS FOR DEFENDANT SOUTHWEST HEALTH SYSTEM, INC.*

Mark B. Collier, Esq. [mcollier@messner.com]
Matthew W. George, Esq. [mgeorge@messner.com]
*ATTORNEYS FOR DEFENDANT RANDY GENE DAVIDSON*

and I hereby certify that I have mailed or served the document or paper to the following non-CM/ECF participants in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:  N/A

By: *s/ Elizabeth Jackson*
Elizabeth Jackson, Paralegal
Kissinger & Fellman, P.C.