**EXHIBIT A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT A**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

### Attachment A

SDT to Cortez Police Department in *Estate of Kelroy Newman, et al v. Board of County Commissioners of the County of Montezuma, Colorado, et al*, 22-cv-1763-PAB-KLM

### Requests for Production

1. Pursuant to F.R.C.P. 45, please produce the body cam footage of the arrest described by Officer Osborn in the below deposition testimony, also included in this attachment.  There is a protective order in place in this matter that should protect any privacy interests, also attached hereto.

16 Q Can you think of an arrestee for whom you recorded
17 the sally port and medical clearance?
18 A A name?
19 Q Yes.
20 A I can't -- no.
21 Q When do you think was the last time you did that?
22 A My last arrest.
23 Q Okay. And when -- when was that?
24 A Last week.
25 Q Okay. So last week you arrested somebody. Do you

1 know what day that was?
2 A No.
3 Q What days did you work last week?
4 A Ohha, I'd have to -- let's see. Monday, Tuesday,
5 Wednesday, Thur -- yeah, Monday, Tuesday, Wednesday, Thursday
6 of last week.
7 Q Okay. Now you said that a little fast. Monday,
8 Tuesday --
9 A Wednesday, Thursday.
10 Q Okay, last week. And was that arrest toward the end
11 of the week, or do you not remember?
12 A I can't recall.
13 Q Okay. But -- so there -- let's just get the dates.
14 So there was an arrest either on February 6, 7, 8, or 9, done
15 by you, where you took someone to the sally port. And they
16 were belligerent; is that right?
17 A Possibly.
18 Q Or -- well, there was something about their behavior
19 that caused you to record the sally port portion of the arrest,
20 right?
21 A Yes.
22 Q And there was something about their behavior that
23  also caused you to record the transport and, you know,
24  hospital -- behavior in the hospital?

25  A Yes.

2.  **Pursuant to F.R.C.P. 45, please produce** Any policies, handouts, procedures, checklists, or training materials provided by the hospital or the county regarding medical clearance, drug/alcohol withdrawal, or drug overdose;

3.  **Pursuant to F.R.C.P. 45, please produce** Any policies, handouts, procedures, checklists, or training materials provided by Cortez PD regarding medical clearance, drug/alcohol withdrawal, or drug overdose; and

4.  **Pursuant to F.R.C.P. 45, please produce** Communications between and among any Cortez PD employee and any county or hospital employees regarding the medical clearance process at SWMH.

Attachment B

ZOOM VIDEOCONFERENCE
DEPOSITION OF
**CHARLES OSBORN**

**2/16/23**

---

**Civil Action No. 22-cv-1763-PAB-KLM**

**ESTATE OF KELROY NEWMAN, et al. vs
BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MONTEZUMA,
COLORADO, et al.**

---

**United States District Court
District of Colorado**

ANIMAS REPORTING SERVICE
919 County Road 142
Durango, Colorado 81303
877.385.4268/970.385.4268
animas@animas.net
animasreporting.com

**1.877.385.4268**

EXHIBIT A

**970.385.4268**

## CHARLES OSBORN

Page 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-PAB-KLM
ESTATE OF KELROY NEWMAN, by and through
putative personal representative,
Bryanne Watts-Lucero; J.W., a minor child,
by and through next friend and mother,
Elisa Wilson,
    Plaintiffs,
vs.
BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF MONTEZUMA, COLORADO; SHERIFF STEVEN NOWLIN,
individually and in his official capacity;
ZACHARY SUMMERS, individually; ANDREW DAULTON,
individually; SOUTHWEST HEALTH SYSTEM, INC.,
d/b/a Southwest Memorial Hospital; RANDY GENE
DAVIDSON, MD., individually,
    Defendants.

ZOOM VC DEPOSITION OF CHARLES OSBORN

BE IT REMEMBERED that on, to wit, the 16th day of
February, 2023, this matter came on for the taking of the
Zoom VC deposition of  CHARLES OSBORN  before Sherry L. Rowe,
Certified Shorthand Reporter, Registered Merit Reporter,
Registered Professional Reporter, and Colorado Notary Public,
ANIMAS REPORTING SERVICE, 919 County Road 142, Durango,
Colorado 81303; taken at the Montezuma County Sheriff's Office,
Conference Room, 730 E. Driscoll Street, Cortez, Colorado
81321, at the hour of 10:02 a.m.

```
 1   FOR THE DEFENDANT RANDY GENE DAVIDSON, MD:
 2                       Mr. Mark B. Collier
                         MESSNER REEVES, LLP
 3                       1550 Wewatta Street, Ste. 710
                         Denver, Colorado 80202
 4                       Phone:  303-405-4198
                         Email:  mcollier@messner.com
 5
 6
 7   FOR THE DEPONENT:
 8                       Mr. Jonathan M. Abramson
                         KISSINGER & FELLMAN, PC
 9                       Ptarmigan Place, Ste. 900
                         3773 Cherry Creek North Drive
10                       Denver, Colorado 80209
                         Phone:  303-320-6100
11                       Email:  jonathan@kandf.com
12
13   ALSO PRESENT:
14                       Patrol Lt. Rex Brinkerhoff
                         Cortez Police Department
15
16
17
18
19
20
21
22
23
24
25
```

Page 2

```
 1
 2              A P P E A R A N C E S
 3   FOR THE PLAINTIFFS:
 4                  Ms. Anna Holland Edwards
                    Mr. Daniel Weiss (By Zoom VC)
 5                  Ms. Rachel Kennedy (By Zoom VC)
                    HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
 6                  1437 High Street
                    Denver, Colorado 80218
 7                  Phone:  303-860-1331
                    Email:  anna@hheglaw.com
 8
 9                  Mr. Kevin D. Homiak (Not Present)
                    HOMIAK LAW, LLC
10                  1001 Bannock Street, Ste. 238
                    Denver, Colorado 80204
11                  Phone:  505-385-2614
                    Email:  kevin@homiaklaw.com
12
13
14   FOR THE COUNTY DEFENDANTS:
15                  Mr. Gordon L. Vaughan
                    Ms. Ann B. Smith (By Zoom VC)
16                  VAUGHAN & DeMURO
                    111 South Tejon, Ste. 545
                    Colorado Springs, Colorado 80903
17                  Phone:  719-578-5500
                    Email:  gvaughan@vaughandemuro.com
18                          asmith@vaughandemuro.com
19
20   FOR DEFENDANT SOUTHWEST HEALTH SYSTEM, INC.
21                  Ms. Amy Cook Olson
                    KLEIN COOK OLSON, LLC
22                  2130 Resort Drive, Unit E
                    Steamboat Springs, Colorado 80487
23                  Phone:  303-641-1659
                    Email:  acookolson@kco-law.com
24
25
```

Page 4

```
 1                    I N D E X
 2                                              PAGE
 3   Appearances                                  2
 4   Witness - CHARLES OSBORN
 5      Examination by Ms. Holland Edwards        5
 6      Examination by Ms. Cook Olson            76
 7      Examination by Mr. Collier               83
 8      Examination by Mr. Vaughan               89
 9      Further Examination by Ms. Holland Edwards  98
10   Witness' Signature/Correction Pages      103/104
11   Reporter's Certificate                     105
12
13
14
15                    E X H I B I T S
16
17        (Exhibit 21 pre-marked for identification.)
18                                          MARKED/
     EXHIBIT                               IDENTIFIED
19                                            PAGE
20
21   Exhibit 21  Incident Report, Charles Osborn,
                      2 Pages                     46
22
23
24
25
```

1 (Pages 1 to 4)

## ANIMAS REPORTING SERVICE
animas@animas.net

e1de73c1-ff3a-443b-87b0-f091fb03fa2a

1.877.385.4268                                              970.385.4268

**CHARLES OSBORN**

Page 53

1   A   No.
2   Q   It says at the jail they performed a PBT per jail
3   policy, and the PBT returned a .427 BrAC result, right?
4   A   Yes.
5   Q   "Kelroy was then transported" --
6        MR. VAUGHAN:  Form.
7   Q   -- "to the ER for a medical clearance," right?
8   A   Yes.
9        MS. COOK OLSON:  Did you say .427?
10       MS. HOLLAND EDWARDS:  Yes.  That's what his
11  report says.
12       MS. COOK OLSON:  Got it.
13  Q   (BY MS. HOLLAND EDWARDS)  And then you say Kelroy was
14  cleared at the ER and transported back to the jail, right?
15  A   Yes.
16  Q   And the last sentence says, "This event was recorded
17  on my body cam"?
18  A   Yes.
19  Q   Was the -- the event of -- were the events in the
20  sally port and the hospital recorded on your bodycam?
21  A   No.
22  Q   So it's not that they -- 'cause I took this sentence,
23  before I sued, to mean that this whole -- that that part was
24  recorded on bodycam.  And, so, I've been curious whether it was
25  and is missing.  But I believe your testimony is that it was

Page 54

1   never recorded?
2   A   True.
3   Q   Do you ever record the portion where you take people
4   to the hospital?
5   A   Yes.
6   Q   And I think you told me just for behavioral issues,
7   right?
8   A   Yes.
9   Q   Do you ever record the sally port portion?
10  A   Yes.
11  Q   And is that similarly just for behavioral?
12  A   Yes.
13  Q   But -- so there are instances of -- where the sally
14  port event is recorded on your bodycam for other arrestees?
15  A   Yes.
16  Q   Can you think of an arrestee for whom you recorded
17  the sally port and medical clearance?
18  A   A name?
19  Q   Yes.
20  A   I can't -- no.
21  Q   When do you think was the last time you did that?
22  A   My last arrest.
23  Q   Okay.  And when -- when was that?
24  A   Last week.
25  Q   Okay.  So last week you arrested somebody.  Do you

Page 55

1   know what day that was?
2   A   No.
3   Q   What days did you work last week?
4   A   Ohha, I'd have to -- let's see.  Monday, Tuesday,
5   Wednesday, Thur -- yeah, Monday, Tuesday, Wednesday, Thursday
6   of last week.
7   Q   Okay.  Now you said that a little fast.  Monday,
8   Tuesday --
9   A   Wednesday, Thursday.
10  Q   Okay, last week.  And was that arrest toward the end
11  of the week, or do you not remember?
12  A   I can't recall.
13  Q   Okay.  But -- so there -- let's just get the dates.
14  So there was an arrest either on February 6, 7, 8, or 9, done
15  by you, where you took someone to the sally port.  And they
16  were belligerent; is that right?
17  A   Possibly.
18  Q   Or -- well, there was something about their behavior
19  that caused you to record the sally port portion of the arrest,
20  right?
21  A   Yes.
22  Q   And there was something about their behavior that
23  also caused you to record the transport and, you know,
24  hospital -- behavior in the hospital?
25  A   Yes.

Page 56

1   Q   And that -- was that person transported to the
2   hospital for a blood alcohol level?
3   A   Possibly.
4   Q   So, when you say "possibly," do you mean you don't
5   remember?
6   A   I don't recall.
7   Q   Okay.  And then there are other times where people
8   have been drunk and acting out where you have kept your bodycam
9   on for those events, because of their behavior?
10  A   Yes.
11  Q   The event where you did last week, was any other
12  officer with you?
13  A   I don't recall.
14  Q   Who was the booking deputy?
15  A   I don't recall.
16  Q   Have you ever worked for the Montezuma -- for
17  Montezuma County?
18  A   No.
19  Q   Have you ever spent any time, like, in the detentions
20  area here?
21  A   No.
22  Q   What other law enforcement jobs -- well, what jobs
23  have you had before being a patrol officer?
24  A   Oilfield.
25  Q   What did you say?  Oilfield?

14 (Pages 53 to 56)

e1de73c1-ff3a-443b-87b0-f091fb03fa2a

**Attachment C**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-PAB-KLM

ESTATE OF KELROY NEWMAN, by and through
putative personal representative, Bryanne Watts-Lucero;
J.W., a minor child, by and through next friend and
mother, Elisa Wilson;

       Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF MONTEZUMA, COLORADO;
SHERIFF STEVEN NOWLIN, individually and in his official capacity;
ZACHARY SUMMERS, individually;
ANDREW DAULTON, individually;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

       Defendants.

---

## STIPULATED PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

---

This matter comes before the Court on the Joint Motion for Entry of Stipulated Protective Order Concerning Confidential Information ("Protective Order") from the parties, by and through their respective counsel. All parties stipulated to, and moved the Court for entry of, this Protective Order pursuant to Fed. R. Civ. P. 26(c) as to the treatment of Confidential Information (as defined herein).

Having reviewed the parties' proposed Protective Order, and upon a showing of good cause in support of the entry of a Protective Order to protect the disclosure and discovery of confidential and security-sensitive information in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, responses to requests for production of documents, deposition testimony, responses to subpoenas for documents, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "CONFIDENTIAL" pursuant to the terms of this Protective Order.

2.      As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      Information designated "CONFIDENTIAL" shall be:

    a.   Information in which a party asserts that it has a statutory, regulatory, or common law right of privacy or protection against dissemination or disclosure;

    b.   Proprietary or non-public business information relating to operational strategies, policies, plans, corporate structure, safety and security protocols, trade secrets, training materials, and similar information treated or considered by a Party, whether by policy or practice, to be confidential or proprietary; and

    c.   Information implicating a nonparty's privacy interest, including but not limited to sensitive criminal justice information, personal identifying information, and personal employment information, which a party considers confidential.

CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. The above listing of types of documents that may be considered CONFIDENTIAL does not preclude any party from invoking the procedures contained herein to object to the designation of documents of the types listed here.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a.  attorneys actively working on this case;

    b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c.  the parties, including one or more designated representatives for any Defendant whose assistance is required by counsel for the parties in preparation for trial, at trial, or at other proceedings in this case;

    d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary in preparation for trial, at trial, or at other proceedings in this case;

    e.  the Court and its employees ("Court Personnel");

    f.  stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g.  deponents, witnesses and potential witnesses; and

    h.  other persons by written agreement of the parties.

5.     Counsel who intend to use CONFIDENTIAL information in court proceedings or in court filings, shall make a good faith effort to have the CONFIDENTIAL information restricted from public access, pursuant to D.C.COLO.LCivR 7.2, but no further action on the part of the filing party to maintain restricted public access shall be required.

**EXHIBIT A**

6.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, parties, persons employed by counsel, Court Personnel, and stenographic and video reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person an acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

7.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8.      Counsel for the party producing any information that will be designated CONFIDENTIAL shall review the information and, designate such information CONFIDENTIAL based on a good faith belief that the information is in fact confidential or otherwise entitled to protection. Until such time as this information is designated as CONFIDENTIAL, however, it shall be treated as non-confidential.

9.      Whenever a deposition involves the use of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. If the designation of CONFIDENTIAL is made on the record at the deposition, then the testimony shall be treated as CONFIDENTIAL through and including the end of the 30-day period after completion of the transcript. If testimony is not designated as

CONFIDENTIAL, the testimony shall be treated as non-confidential until and unless it is later designated as CONFIDENTIAL, in which case it shall be treated as contemplated in paragraph 13 below. The cover page and those portions of the original transcripts that contain Confidential Material shall bear a legend indicating that the transcript contains Confidential Material, such as "CONFIDENTIAL." The use of Exhibits that are marked CONFIDENTIAL during deposition does not cause them to lose their CONFIDENTIAL designation, however any testimony about those Exhibits will be considered non-confidential until and unless it is designated as CONFIDENTIAL.

10.     A party at any time during the litigation may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make an appropriate motion within twenty-one (21) days of receiving the written notice of objection, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The parties may agree to a longer time for the making filing of appropriate motions in writing without leave of the Court. If such a process is timely initiated, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the dispute. If the designating party fails to initiate this process within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a dispute initiated under this provision, the party designating the information as

**EXHIBIT A**

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. All motions under this paragraph shall be made in accordance with MJ Mix's discovery procedures.

11.     Information shall not be designated CONFIDENTIAL after the conclusion of this case (deemed to be within 60 days of either the entry of judgment which is not appealed or issuance of an appellate mandate or dismissal). However, any information designated CONFIDENTIAL during the pendency of this case, and which retains such designation until and including the conclusion of this case, shall retain such designation indefinitely. The restrictions in this Protective Order on use of CONFIDENTIAL Information shall survive the conclusion of this case.

12.     Publicly available information or information obtained non-confidentially in other litigation shall not be treated as CONFIDENTIAL regardless of whether such designation is affixed to copies of the information produced during litigation. If a party believes that information designated CONFIDENTIAL is publicly available or has been obtained non-confidentially in other litigation, the parties will follow the procedure set forth in paragraph 10 above.

13.     If a disclosing party inadvertently discloses information that was not designated as CONFIDENTIAL but later determines that the disclosed information should have been designated as CONFIDENTIAL, the disclosing party shall promptly notify the other (or non-disclosing) party of the error and furnish properly designated copies of the disclosed information. Upon receipt of notice of the improperly undesignated disclosure, the non-disclosing party shall treat all copies of the disclosed information as CONFIDENTIAL from the date of the notice.

14.     In the event a party that has designated information CONFIDENTIAL wishes to remove such designation, they may do so unilaterally at any time.

15.     The parties agree to continue to abide by this protective order after the conclusion of this case (deemed to be within 60 days of either the entry of judgment which is not appealed or issuance of an appellate mandate or dismissal). Counsel may keep copies of all correspondence, court filings, and other documents maintained as part of counsel's normal file retention practices.

16.     By agreeing to entry of this Protective Order, the parties state they adopt no position as to the authenticity or admissibility of information produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this case. In addition, nothing in this Protective Order requires the disclosure of information otherwise not subject to discovery, subject to attorney-client privilege, or constituting attorney work product.

17.     Nothing in this Protective Order shall preclude any Party or nonparty from filing a motion seeking further or different protection from the Court under Fed. R. Civ. P. 26(c), or regarding the manner in which Confidential Information shall be treated at trial.

18.     By designating information as CONFIDENTIAL and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

19.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated: _____, 2023                    BY THE COURT

**22 Feb 2023**

Kristen L. Mix
United States Magistrate Judge

APPROVED:

*/s/ Anna Holland Edwards*
Anna Holland Edwards
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO  80218
anna@hheglaw.com
dan@hheglaw.com

*and*

*/s/ Kevin D. Homiak*
Kevin Homiak
HOMIAK LAW LLC
1001 Bannock Street, Suite 238
Denver, CO 80204
kevin@homiaklaw.com
*Attorneys for Plaintiffs*

*/s/Ann B. Smith*
Ann B. Smith
VAUGHAN & DEMURO
111 South Tejon Street, Suite 545
Colorado Springs, CO 80903
asmith@vaughandemuro.com
gvaughan@vaughandemuro.com
*Attorneys for Defendants Montezuma*
*County, Sheriff Nowlin, Zachary*
*Summers, & Andrew Daulton*

*/s/ Mark Collier*
Mark Collier
Matthew George
MESSNER REEVES LLP
1430 Wynkoop Street, Suite 300
Denver, CO  80202
mcollier@messner.com
mgeorge@messner.com
*Attorneys for Defendant Randy*
*Davidson, M.D.*

*/s/ Amy E. Cook Olson*
Amy E. Cook Olson
Angela Lund Klein
KLEIN COOK OLSON, LLC
2130 Resort Drive, Unit E
Steamboat Springs, CO 80487
acookolson@kco-law.com
aklein@kco-law.com
*Attorneys for Defendant Southwest*
*Health System, Inc, d/b/a Southwest*
*Memorial Hospital*