IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero, and
J.W., a minor child, by and through friend and mother, Elisa Wilson,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF MONTEZUMA, COLORADO, and
SHERIFF STEVEN NOWLIN, individually and in his official capacity,
ZACHARY SUMMERS, individually,
SOUTHWEST HEALTH SYSTEM, INC, d/b/a/ Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

## ORDER

    This matter comes before the Court on Defendant SWMH's Motion for Summary Judgment [Docket No. 197]. Defendant Southwest Health System, doing business as Southwest Memorial Hospital ("SWMH"), seeks summary judgment pursuant to Federal Rule of Civil Procedure 56(a) on the fourth count of the third amended complaint, which asserts a deliberate indifference claim under 42 U.S.C. § 1983 against SWMH, and the seventh count, which alleges that SWMH violated the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Docket No. 197 at 1; *see also* Docket No. 154 at 51-54, 58-61. Plaintiffs filed a response, Docket No. 208, and SWMH filed a reply. Docket No. 222. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On Saturday, July 17, 2021, the Cortez Police Department arrested Kelroy Newman and took him to Montezuma County Detention Center ("MCDC"). Docket No. 197 at 4, ¶ 21.[2] Upon arrival at MCDC, Mr. Newman's blood-alcohol level ("BAC") was 0.421%. *Id.*, ¶ 22.[3] In 2021, MCDC policy required that the jail not accept a detainee with a BAC over 0.2% unless the detainee first received a medical clearance. Docket No. 208 at 8, ¶ 4. MCDC had an on-staff nurse, but the nurse worked only from 7:00 a.m. to 4:00 p.m., Monday through Friday. *Id.* at 7, ¶ 1. The arresting officer took Mr. Newman to the emergency room at SWMH. Docket No. 197 at 4, ¶ 23.[4] SWMH is a private Colorado non-profit corporation. *Id.* at 2, ¶ 5.[5]

---

[1] The following facts are undisputed unless otherwise indicated.

[2] Defendant supports this asserted fact by citing to the third amended complaint, rather than to the evidentiary record. Docket No. 197 at 4, ¶ 21 (citing Docket No. 154 at 1, ¶ 2). But plaintiffs do not dispute the fact. Docket No. 208 at 3, ¶ 21. The Court deems this fact admitted.

[3] Defendant supports this asserted fact by citing to the third amended complaint, rather than to the evidentiary record. Docket No. 197 at 4, ¶ 22 (citing Docket No. 154 at 1, ¶ 2). But plaintiffs do not dispute the fact. Docket No. 208 at 3, ¶ 22. The Court deems this fact admitted.

[4] Defendant supports this asserted fact by citing to the third amended complaint, rather than to the evidentiary record. Docket No. 197 at 4, ¶ 23 (citing Docket No. 154 at 7, ¶ 32). The cited portion of the complaint does not support the assertion, but it appears to the Court that the citation might be a typographical error and that defendant may have meant to cite to Docket No. 154 at 2, ¶ 3, which does support the asserted fact. In any event, plaintiffs do not dispute the fact, Docket No. 208 at 3, ¶ 23, and it is clear from the record that the arresting officer transported Mr. Newman to SWMH. *See generally* Docket No. 208-9 at 7, 42:5-21) (Officer Charles Osborn discussing his experience at the emergency room with Mr. Newman). The Court deems this fact admitted.

[5] Defendant supports this asserted fact by citing to its answer to the third amended complaint, rather than to the evidentiary record. Docket No. 197 at 2, ¶ 5 (citing Docket No. 160 at 3, ¶ 7). Plaintiffs do not dispute this fact. Docket No. 208 at 1, ¶ 5. The Court deems this fact admitted.

At SWMH, Dr. Randy Gene Davidson, a physician working for SWMH in the emergency room, examined Mr. Newman. *Id.* at 4, ¶ 24. As part of the exam, Dr. Davidson obtained vitals and examined Mr. Newman's skin, head, eyes, cardiovascular, respiratory, neurologic, and psychiatric systems. *Id.*, ¶ 27.[6] Dr. Davidson found Mr. Newman to be alert, oriented, and not in any apparent distress. *Id.* at 5, ¶ 28.[7] Dr. Davidson found no emergency medical conditions. *Id.*, ¶ 29.[8]

Mr. Newman was incarcerated for 26 hours. *Id.*, ¶ 33. Before noon on July 18, 2021, Mr. Newman was unresponsive. *Id.*, ¶ 35. At 12:20 p.m., Mr. Newman was declared deceased. *Id.*

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes

---

[6] Plaintiffs dispute that Dr. Davidson adequately examined all of these areas in the amount of time that Dr. Davidson said the examination lasted. Docket No. 208 at 4, ¶ 27. Argument regarding the adequacy of the exam is non-responsive to the fact asserted. The Court deems this fact admitted.

[7] Plaintiffs dispute this fact by arguing that Mr. Newman's ability to walk and talk despite a BAC of 0.421% was a well-known indication that he was a habitual drinker at substantial risk of withdrawal. Docket No. 208 at 4, ¶ 28. This argument is non-responsive. The Court deems this fact admitted.

[8] Plaintiffs dispute this fact by arguing that Dr. Davidson did not collect sufficient information in order to determine whether Mr. Newman had an emergency medical condition. Docket No. 208 at 4, ¶ 29. This argument is non-responsive to the fact asserted – that Dr. Davidson did not find that Mr. Newman had an emergency medical condition. The Court deems this fact admitted.

over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### III. ANALYSIS

#### A. Section 1983 Claim

Plaintiffs allege a Section 1983 claim against SWMH for deliberate indifference related to the hospital's medical screening practices. Docket No. 154 at 51-54, ¶¶ 312-27. "To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). SWMH asserts that it is a private entity and that it did not become a state actor when hospital employees treated Mr. Newman in its emergency room. Docket No. 197 at 8-10. SWMH argues that since it was not a state actor, it is entitled to summary judgment on the Section 1983 claim. *Id.*

The Court has already addressed this same issue in its order on Dr. Davidson's motion for summary judgment. Docket No. 233 at 4-12. In that order, which also involved a Section 1983 claim arising out of Mr. Newman's treatment at SWMH on July 17, 2021, the Court found that Dr. Davidson did not become a state actor when he examined Mr. Newman. *Id*. at 12. The Court finds that the reasoning in that order applies here. Courts have consistently held that treating a prisoner in a private hospital's emergency room does not convert the medical provider into a state actor. *Id*. at 10-11. Courts have reached that conclusion regardless of whether the defendant is a doctor or a hospital. *See, e.g.*, *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816 (7th Cir. 2009) (hospital defendant); *Sykes v. McPhillips*, 412 F. Supp. 2d 197 (N.D.N.Y. 2006) (hospital and doctor defendants). Therefore, for the reasons discussed here and in the Court's order on Dr. Davidson's motion for summary judgment, Docket No. 233 at 4-12, the Court finds that SWMH did not become a state actor when hospital personnel treated Mr. Newman. Since state actor status is a prerequisite to liability under Section 1983, *see West*, 487 U.S. at 48 (citation omitted), the Court will grant SWMH's motion for summary judgment on the fourth count of the third amended complaint.

### B. EMTALA Claim

SWMH seeks summary judgment on plaintiffs' claim under the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. Docket No. 197 at

16-20.  Plaintiffs argue that EMTALA required SWMH to provide Mr. Newman with an appropriate medical screening exam to assess his intoxication and facial trauma and determine whether an emergency medical condition existed.  Docket No. 208 at 28-30.  Plaintiffs assert that SWMH did not provide such an exam.  *Id.*  The relevant portion of EMTALA states

> In the case of a hospital that has a hospital emergency department, if any individual (whether or not eligible for benefits under this subchapter) comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition, the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition (within the meaning of subsection (e)(1)) exists.

42 U.S.C. § 1395dd(a).  The law provides a right of action to individuals who suffer personal harm as a direct result of a participating hospital's violation of this section of EMTALA.  *Id.,* § 1395dd(d)(2)(A); *see also Repp v. Anadarko Mun. Hosp.*, 43 F.3d 519, 521-22 (10th Cir. 1994).  To prevail on an EMTALA claim, a plaintiff must show that:

> (1) defendant has both a Medicare provider agreement with the Secretary of Health and Human Services and an emergency room or emergency department; (2) plaintiff went to the defendant's emergency room or emergency department; (3) plaintiff requested examination or treatment; (4) plaintiff had an emergency medical condition; (5) defendant did not provide plaintiff with an appropriate medical screening examination; and (6) as a direct result of the conduct of defendant, plaintiff suffered personal harm.

*Hunt ex rel. Hunt v. Lincoln Cnty. Mem'l Hosp.*, 317 F.3d 891, 893 n.4 (8th Cir. 2003) (citation omitted).  Plaintiffs' complaint alleges these elements.  *See* Docket No. 154 at 59-61, ¶¶ 359-72.

SWMH's motion for summary judgment argues that plaintiffs cannot prevail on two of these elements: whether Mr. Newman requested examination or treatment and whether SWMH provided an appropriate medical screening.  Docket No. 197 at 17-19.

First, SWMH argues that, because Mr. Newman was at the hospital pursuant to a county policy requiring medical clearances for intoxicated inmates, he cannot be considered to have requested treatment. *Id.* at 17. SWMH argues that "Mr. Newman's presentation does not invoke EMTALA, nor do 'medical clearances' in general invoke EMTALA – which is why the body of EMTALA caselaw does not address nor discuss prisoner clearances." *Id.* Plaintiffs respond that the statute states that EMTALA's screening obligation applies when an individual "comes to the emergency department and a request is made on the individual's behalf for examination or treatment for a medical condition," and that it is reasonable to infer that the arresting officer who transported Mr. Newman must have made a request for examination on Mr. Newman's behalf. Docket No. 208 at 28-29 (citing 42 U.S.C. § 1395dd(a) (emphasis omitted)).

The Court finds that, based on the fact that the arresting officer took Mr. Newman to the emergency room at SWMH, Docket No. 197 at 4, ¶ 23, and based on the fact that Dr. Davidson, a physician in the SWMH emergency room, examined Mr. Newman, *id.*, ¶ 24, a reasonable jury could find that the arresting officer made an EMTALA-triggering request for examination.

Second, SWMH argues that, even if EMTALA applies, the hospital fulfilled its duties because Mr. Newman received a medical screening examination ("MSE"). *Id.* at 17. SWMH argues that any argument about the sufficiency of the MSE is an issue of state medical malpractice law, not federal law. *Id.* at 18-19. Plaintiffs respond that EMTALA requires an "appropriate" MSE, and that the MSE that SWMH provided was so cursory as to not be appropriate. Docket No. 208 at 29-30.

7

EMTALA does require that an MSE be appropriate. 42 U.S.C. § 1395dd(a); *see also Repp*, 43 F.3d at 521-22. Whether an MSE is appropriate "varies with the unique capabilities of the specific hospital." *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 796-97 (10th Cir. 2001) (citing *Repp*, 43 F.3d at 522). Hospitals determine their own capabilities and limitations. *Id.* at 797. A violation of EMTALA's screening requirement occurs only when a hospital does not follow its own standard procedures. *Id.* (citing *Repp*, 43 F.3d at 522). In other words, "a hospital's obligation under EMTALA is measured by whether it treats every patient perceived to have the same medical condition in the same manner." *Id.*

SWMH does not identify any undisputed facts regarding its standard procedures. In fact, SWMH disputes whether it even has the ability to dictate any such protocol. Docket No. 222 at 6, ¶ 9. The Court therefore finds that SWMH has failed to meet its burden and will reject SWMH's motion for summary judgment on the seventh claim of the third amended complaint.

SWMH's motion also discusses the stabilization requirement of EMTALA, which states that, once a hospital has diagnosed an emergency medical condition, it must either treat the patient or, if the hospital lacks the ability to provide the requisite treatment, transfer the patient to another hospital. *See* Docket No. 197 at 19-20 (discussing the stabilization requirement codified at 42 U.S.C. § 1395dd(b)). To the extent plaintiffs allege a violation of the stabilization provision of EMTALA, the Court agrees with defendant that there was no violation of that provision. *See Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1259 (9th Cir. 1995) ("[T]he hospital's duty to stabilize the patient does not arise until the hospital first detects an emergency medical

condition."); *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 883 (4th Cir. 1992) ("to recover for violations of EMTALA's transfer provisions, the plaintiff must present evidence that (1) the patient had an emergency medical condition; (2) the hospital actually knew of that condition."). Regardless of whether Dr. Davidson should have diagnosed Mr. Newman with an emergency medical condition, it is an undisputed fact that Dr. Davidson did not diagnose any such condition. Docket No. 197 at 5, ¶ 29. Therefore, the stabilization provision of EMTALA does not apply to this case.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant SWMH's Motion for Summary Judgment [Docket No. 197] is **GRANTED in part and DENIED in part**. It is further

**ORDERED** that the fourth count of the Third Amended Complaint [Docket No. 154], as alleged against defendant Southwest Health System, Inc, d/b/a Southwest Memorial Hospital, is **DISMISSED with prejudice**.

DATED March 28, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge