**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN,
J.W., a minor child,

    Plaintiffs,

v.

SHERIFF STEVEN NOWLIN, in his official capacity;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

---

**STIPIULATED JURY INSTRUCTIONS**

---

    Plaintiffs by and through their attorneys, HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC., hereby submit the following the following stipulated jury instructions:

1

**STIPULATED INSTRUCTION NO. 1**

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

CJI-Civ. 3:4

**STIPULATED INSTRUCTION NO. 2**

Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

CJI-Civ. 3:9

**STIPULATED INSTRUCTION NO. 3**

      The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

CJI-Civ. 3:12

**STIPULATED INSTRUCTION NO. 4**

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

CJI-Civ. 3:15

**STIPULATED INSTRUCTION NO. 5**

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses.

Based on these considerations, you may believe all, part or none of the testimony of a witness.

**Source**: CJI-Civ. 3:16

**STIPULATED INSTRUCTION NO. 6**

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

**Source**: CJI-Civ. 3:17

## STIPULATED INSTRUCTION NO. 7

These instructions contain the law that you must use in deciding this case. No single instruction states all the applicable law. All the instructions must be read and considered together.

You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court.

The Court does not, by these instructions, express any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case.

**Source**: CJI-Civ. 4:1

**STIPULATED INSTRUCTION NO. 8**

In your deliberations, your duty is to apply the Court's instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the internet, which includes all social media, Google, Wikipedia, blogs, and any other website. You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case. You are not allowed to visit any places mentioned in the evidence. If this is an area that you normally go through, you should try to take an alternate route. If you are not able to take an alternate route, you should not gather any information from that location.

**Source**: CJI-Civ. 4:1A

**STIPULATED INSTRUCTION NO. 9**

The original forms of the written instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. The instructions labeled "copy" may be marked or used in any way you see fit.

The Bailiff will now escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdicts you reach.

Please notify the Bailiff when you have reached a verdict, but do not tell the Bailiff what your verdict is. You shall keep the verdict forms, these instructions, and the exhibits until the Court gives you further instructions.

**Source**: CJI-Civ. 4:2

## STIPULATED INSTRUCTION NO. 10

Once you begin your deliberations, if you have a question about the evidence in this case or about the instructions or verdict forms that you have been given, your foreperson should write the question on a piece of paper, sign it and give it to the Bailiff who will bring it to me.

The Court will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, the Court is not permitted to answer. If it is improper for the Court to answer the question, the Court will tell you that. Please do not speculate about what the answer to your question might be or why the Court is not able to answer a particular question.

**Source**: CJI-Civ. 4:2A

**STIPULATED INSTRUCTION NO. 11**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

**Source**: CJI-Civ. 5:1

**STIPULATED INSTRUCTION NO. 12**

Difficulty or uncertainty in determining the precise amount of any damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Source**: CJI-Civ. 5:6

**STIPULATED INSTRUCTION NO. 13**

A physician who holds himself out as a specialist in a particular field of medicine, such as emergency medicine, is negligent if that physician does an act that a reasonably careful emergency medicine physician would not do or fails to do an act that a reasonably careful emergency medicine physician would do.

To determine whether such a physician's conduct was negligent, you must compare that conduct with what a physician having and using the knowledge and skill of physicians practicing emergency medicine, at the same time, would or would not have done under the same or similar circumstances.

**Source**: CJI-Civ. 15:3 (modified)

# STIPULATED INSTRUCTION NO. 14

The term "emergency medical condition" means "a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part."

**Source:** O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 6th ed. Thomas Reuters § 176:31. Emergency Medical Condition. *Thorton v. Southwest Detroit Hosp.,* 895 F.2dd 1131, 1134 (6th Cir. 1990)

Respectfully Submitted this 9th day of January 2026.

/s/ Anna Holland Edwards
Anna Holland Edwards
Erica Grossman
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of January 2026, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

Amy Cook Olson
Angela Lund Klein
Grant E. Hogan
KLEIN COOK OLSON, LLC
acookolson@kco-law.com
aklein@kco-law.com
ghogan@kco-law.com
*Attorneys for Defendant Southwest Health*

Mark B. Collier
Julia Morgenthau
CHILDS MCCUNE
mcollier@childsmccune.com
jmorgenthau@childsmccune.com
*Attorneys for Defendant Davison*

Ann B. Smith
VAUGHAN & DEMURO
asmith@vaughandemuro.com
*Attorney for Defendant Nowlin*

/s/ Brooke Thiele-LaForest
Brooke Thiele-LaForest, Paralegal

16