IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1763-PAB-KAS

J.W., minor child;
ESTATE OF KELROY NEWMAN;

    Plaintiffs,

v.

SHERIFF STEVEN NOWLIN[1], in his official capacity;
SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

## PLAINTIFFS' TRIAL BRIEF

Plaintiffs, by and through their attorneys, hereby file the following Trial Brief in anticipation of trial, which is scheduled to begin on February 9th, 2026.

This jury trial involves two claims related to the death of Kelroy Newman – an EMTLA claim against Southwest Memorial Hospital and a wrongful death claim based on the negligence of Dr. Davidson. Plaintiffs wish to bring the following issues to the attention of the Court:

### Practical Considerations for Trial

1.    While Plaintiffs intend to introduce J.W. at the beginning of trial, they do not intend to have her present for testimony or evidence and instead to be attending school remotely while in Denver with her mother and family members. She filed through her mother and next friend, Elisa

---

[1] Plaintiffs filed a Notice of Settlement with Sheriff Nowlin, and he will be dismissed from the case once probate approval of the settlement is obtained. Plaintiffs contend that the Sheriff should not be on the caption at trial, as he is no longer a Defendant at trial. Doc #246.

1

Wilson, who will be present at trial.

2. Plaintiffs are conferring with Defendants and will shortly seek leave to arrange for remote testimony of Robert Salt. Mr. Salt is incarcerated in Montezuma County Jail and the Sheriff has expressed security concerns related to in person testimony and has confirmed the ability to use Webex or Zoom from a secure room at the Montezuma County Jail.

3. In the Pre Trial Order, Plaintiffs indicated that trial time may potentially be shortened based on the settlement with the County Defendant. Given review of Defendants' time estimates in Plaintiffs' case in chief and their own witness list, it appears that Plaintiffs may take longer into Trial Day Four than earlier anticipated.

4. With respect to jury instructions, Plaintiffs will file amended proposed jury instructions and anticipate stipulations to CJI-CIV 3:1, 3:8 and 3:10 (which may not be necessary to give, depending on how evidence comes in), as the Plaintiffs proposed and Defendants proposed instructions are virtually identical. Plaintiffs also anticipate a likely agreement to CJI-CIV 3:14, provided 3:14A is also given.

## Anticipated Legal or Evidentiary Issues

5. The parties have filed motions *in limine* and related responses. See Docs #243 and #264 for Plaintiffs; Docs #251 and #260 for Defendant Davidson and Docs #252 and #255 for Defendant Hospital.

6. <u>The Settlement with Sheriff Nowlin</u>

Plaintiff has settled with Sheriff Nowlin. In this case, Plaintiffs contend that the jury should be told that there were parties to suit with whom a settlement has been reached, but that the jury should not be told the monetary value of the settlement. *Greenemeier by Redington v. Spencer*,

719 P.2d 710, 714 (Colo. 1986). Further, the jury "must be directed that if it concludes that the defendant is liable, it must return an award that fully compensates the plaintiff for all of his injuries without regard to the fact that the plaintiff may have received compensation from others as a result of the settlement." *Id.* The jury should also be instructed that "when the sum representing full compensation is returned, it will be apportioned as the law dictates among the defendant or defendants found responsible by the jury and the other persons who have made settlements with the plaintiff." *Id.*

7. <u>Defendants' Supplemental Expert Disclosures</u>

On January 19, 2026, Defendants supplemented their expert disclosures to update documents reviewed by their experts, which included depositions and all of Plaintiffs' Expert Disclosures. No new opinions, or bases of expert qualifications to opine or rebut Plaintiffs Experts outside of the relevant areas of expertise, were disclosed. Plaintiffs will object based on F.R.C.P. 26 (a)(2)(B) and (E) and, potentially F.R.E. 702, to any new opinions being offered at trial based on review of these additional materials.

8. <u>SWMH and Dr. Davidson's Nonparties at Fault Designations</u>

Both Defendants have designated Sheriff Nowlin and the Board of County Commissioners for Montezuma County, (variously referred to as "BOCC"), as nonparties at fault. Doc. #266. Plaintiffs are filing a motion to strike the designation by the Hospital on the basis that nonparty at fault designations are part of a state law tort scheme not allowed on this federal EMTALA claim. Because "[t]he damages limitations enumerated in § 13-21-111.5 do not always (or even generally) apply to federal claims," courts in this District routinely apply joint and several liability to damages awards under innumerable federal statutes. *Cowen v. WD Equip., LLC*, No. 21-CV-

3

03133-GPG, 2023 WL 8818119, at *13 (D. Colo. Nov. 8, 2023) (*citing Fourhorn v. City & Cnty. of Denver*, No. 08-cv-01693-MSK-KLM, 2008 WL 5423349, at *3 (D. Colo. Dec. 30, 2008) ("Section 13–21–111.5 is not applicable to diminish a parties' liability for federal law claims."); *Roe v. Hous. Auth. of City of Boulder*, 909 F. Supp. 814, 823 (D. Colo. 1995) (granting motion to strike designation of non-parties where federal statutes did not provide for comparative fault).[2]

Plaintiffs are further moving to partially strike the designation by Dr. Davidson, which seeks to treat the Board of County Commissioners and Sheriff Nowlin as separate parties with separate non-party fault. At this point, Plaintiffs motion to strike regarding Dr. Davidson's designation will be limited to the attempt to separate these two entities, each of which Dr. Davidson seeks to have the jury assign separate percentages of responsibility. As acknowledged in the Joint Motion to Dismiss the Board of County Commissioners, Doc. #242, Plaintiffs named both Sheriff Steven Nowlin, in his official capacity[3], and the Board of County Commissioners of

---

[2] As stated in Plaintiffs' proposed Verdict Form, Doc. #271, EMTALA is not a malpractice statute and tort schemes and attendant arguments regarding comparative fault are not available to defendants in such cases. *See, e.g.*, *Griffith v. Mt. Carmel Med. Ctr.*, 842 F. Supp. 1359, 1364–65 (D. Kan. 1994) (citing *Abercrombie v. Osteopathic Hospital Founders Ass'n,* 950 F.2d 676, 681 (10th Cir.1991) and *Collins v. DePaul Hospital,* 963 F.2d 303, 307 (10th Cir.1992)). Courts routinely reason that "applying state law principles of comparative fault to the liability sections of EMTALA would undermine EMTALA's strict liability regime," *Smithson v. Tenet Healthsystem Hosps., Inc.*, No. CV 07-3953, 2008 WL 11353739, at *1 (E.D. La. Aug. 4, 2008), and that applying comparative fault to plaintiff's EMTALA claims would "subvert[ ] the plain meaning and intent of [EMTALA]" since EMTALA does not create a federal cause of action for medical negligence. *Griffith*, 842 F. Supp. at 1364. Although EMTALA allows recovery of damages available under state law, this does not "transform the liability portions of the statute into a negligence or tort-based statute." *Id.* at 1365.

[3] Sheriff Nowlin was sued in the original complaint "officially" and "individually." Before this complaint was even served, the complaint was amended to add federal claims and remove any individual claims against Sheriff Nowlin. The caption, however, was never amended to remove the "individually" designation, but no individual claims were ever served on Sheriff Nowlin, and

4

the County of Montezuma, as the County Defendants to the claims against Montezuma County in the Complaint. Plaintiffs and County Defendants stipulated that the BOCC and the Sheriff are the same, were sued for the same conduct, and defended as the same party, with the same assets or insurance applicable as "County Defendants" or "Montezuma County." *Id.* As the Joint Motion stipulated, claims against Montezuma County for occurrences in the jail are properly brought against the Montezuma Sheriff's Office (*Id.*) as the one responsible for the jail's operations, rather than the Board of County Commissioners.[4]

Generally, a nonparty designation must lay out the elements of a negligence claim as to the designated party. *See Redden v. SCI Colorado Funeral Servs., Inc.*, 38 P.3d 75, 81 (Colo. 2001)(holding a trial court's order to strike an insufficient designation was proper because: "we now hold that to satisfy the third element of section 13–21–111.5(3)(b), a party must allege the basis for believing the non-party legally liable to the extent the non-party's acts or omissions would satisfy all the elements of a negligence claim"). However, as to a settling party, like Sheriff Nowlin, Defendant may properly designate by simply invoking C.R.S.A. § 13-21-111.5. *Blatchley v. St. Anthony Summit Med. Ctr.*, 822 F. App'x 663, 671 (10th Cir. 2020). Even assuming, *arguendo*, that these are distinct parties, Plaintiffs only settled with the Sheriff, not with the BOCC, and the designation filed (and any disclosed evidence in this case[5]) is insufficient as to

---

no claims were ever litigated, at any point, against Sheriff Nowlin individually. Compare Doc. #1, ¶16 and Third Claim for Relief at p. 16 and Doc. #7, ¶18 and Fourth Claim for Relief at p. 41. The Court has now corrected this caption. Doc. #244.

[4] Undersigned often name both the Sheriff and the BOCC due to different local county preference on who they want named for the alleged conduct.

[5] Plaintiffs did not allege different conduct or different liability, and there is no evidence in the case to support this position. Defendants' designation provides no basis for a claim against the BOCC or evidence that the BOCC had anything to do with running the jail and as such is insufficient to name the BOCC as a non-party at fault. While Plaintiffs have included a line for the

show distinct liability of the BOCC.

9. <u>Anticipated Cumulative Expert Testimony by Defendants</u>

While objections based on cumulativeness are often best reserved for trial as they depend on which experts Defendants actually call as witnesses, Plaintiffs are bringing this issue to the Court's attention as all of these endorsed expert witnesses are still listed as may calls on the Amended Pre-Trial Order. See Doc. #267.

Doctors Bux, Judge, Barkin, Kaufman and Zane all practice Emergency Medicine. Doctor Bux additionally specializes in Pathology, and Dr. Judge additionally specializes in Medical Toxicology. While the Scheduling Order did not limit the number of experts overall, it did very specifically limit "each party group (i.e. Plaintiffs, County Defendants, Medical Defendants) is limited to one retained expert area of expertise." Doc. #43, p. 17.

The five doctors offer cumulative opinions on standards of care, violations of EMTALA, causation and damages, including:

(1) Doctors Judge, Barkin, Kaufman, and Zane all opine Dr. Davidson met the applicable standards of care.[6]

(2) Doctors Kaufman and Zane both opine that Mr. Newman received an appropriate medical screening exam and that EMTALA was not violated.

(3) Doctors Bux, Judge, Barkin and Kaufman and Zane opine on causation, all stating that Mr. Newman's death was not caused by alcohol withdrawal. Doctors Bux, Judge, Barkin, Kaufman, and Zane opine that Mr. Newman did not experience moderate or severe alcohol withdrawal. Doctors Bux and Judge both opine Mr. Newman's death was caused by a sudden cardiac arrhythmia, and that Mr. Newman's head and face injuries did not contribute to his death.

---

Sheriff on their proposed Verdict form, they reserve the right to object that the designation was not supported by sufficient evidence at trial and submit an amended Verdict form.

[6] Dr. Bux also included in his report that additional testing and observation was not indicated, but subsequently testified at deposition that he does not intend to give any standard of care opinions.

6

(4) Doctors Bux, Judge, and Kaufman opine on damages, stating that being in the hospital would not have changed Mr. Newman's outcome.

(5) Defendants also endorse Dr. Davidson to testify as an expert in his own defense on these topics.

While there is no rule limiting the number of witnesses a party may call on a particular fact or issue, the Court enjoys wide discretion in excluding cumulative or duplicative evidence. *See Hamling v. United States*, 418 U.S. 87 (1974) (trial court has considerable latitude to reject even relevant evidence if considered to be cumulative); *Marsee v. United States Tobacco Co.,* 866 F.2d 319, 324 (10th Cir.1989) (trial court has discretion to exclude repetitive and cumulative expert testimony); *United States v. Shelton*, 736 F.2d 1397, 1409–10 (10th Cir. 1984) (finding no error in trial court's reducing the number of vendor witnesses for the defense from 78 to 5).

"Expert testimony, like any other evidence, is subject to exclusion if it fails the Fed. R. Evid. 403 balancing test." *Thompson v. State Farm Fire & Cas. Co*., 34 F.3d 932, 941 (10th Cir. 1994) (citation omitted). "As such, expert testimony, like all evidence, may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Loecker v. Bd. of Trs. for Colorado Mesa Univ*., 671 F. Supp. 3d 1217, 1220 (D. Colo. 2023) (citations omitted); *Sunstar, Inc. v. Alberto-Culver Co*., No. 01 C 0736, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004) ("Multiple expert witnesses expressing the same opinions on a subject is a waste of time and needlessly cumulative. It also raises the unfair possibility that jurors will resolve competing expert testimony by 'counting heads' rather than evaluating the quality and credibility of the testimony.")

Many courts have found, as did the Court in *Landegger v. Cohen*, presenting multiple

experts to offer equivalent opinions is "needlessly cumulative and excludable under Rule 403." No. 11-cv-1760-WJM-CBS, 2013 WL 6633434, at *3 (D. Colo. Dec. 16, 2013); *United States v. Larkin*, 779 F. App'x 435, 437–38 (9th Cir. 2019) (finding no error in district court's exclusion of four expert witnesses as cumulative); *Aecom Tech. Servs., Inc. v. Flatiron | Aecom, LLC*, No. 19-CV-2811-WJM-KAS, 2024 WL 100959, at *5–6 (D. Colo. Jan. 9, 2024) (denying movant's motion *in limine*, while promising to "aggressively police" attempts by either party to introduce cumulative testimony, where the non-movant stated it did not intend to offer cumulative expert testimony); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1173 (D. Colo. 2006) (limiting expert testimony by precluding needlessly cumulative testimony related to the methodologies and findings of scientific studies); *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 410-11 (5th Cir. 1989) (appellate court affirmed trial court exclusion of testimony from plaintiff's second medical expert on grounds that it would be repetitious and cumulative – although not identical – to testimony already provided by plaintiff's first medical expert).

Exclusion of repetitious and cumulative evidence is not only consistent with the mandate of Fed. R. Civ. P. Rule 1 to ensure the "just, speedy and inexpensive determination of every action and proceeding," but also avoids the risk of undue prejudice. Plaintiffs face a significant risk of undue prejudice if Defendants are allowed to present such cumulative expert testimony to the jury, giving the jury the impression that the overwhelming weight of authority supports Defendants' side of this litigation. Plaintiffs already face the inherent disadvantage of being laypeople suing a doctor and hospital, positions which brings with them an inherent indicia of expertise to the jury. It also creates the unfair prospect of having to rebut the same opinion offered by various expert witnesses, including the individual whose care is at issue here. Further, Medical Defendants should

8

be limited by the Scheduling Order to only calling one expert per area of expertise. To the extent multiple E.R. doctors are called, the opinions expressed should not be allowed to overlap.

Respectfully Submitted this 21st day of January 2026.

/s/ Anna Holland Edwards
Anna Holland Edwards
Erica Grossman
Dan Weiss
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2026, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

Amy Cook Olson
Angela Lund Klein
Grant E. Hogan
KLEIN COOK OLSON, LLC
acookolson@kco-law.com
aklein@kco-law.com
ghogan@kco-law.com
*Attorneys for Southwest Health Defendant*

Ann B. Smith
VAUGHAN & DEMURO
asmith@vaughandemuro.com
*Attorney for County Defendant*

Mark B. Collier
Julia Morgenthau
CHILDS MCCUNE
mcollier@childsmccune.com
jmorgenthau@childsmccune.com
*Attorneys for Defendant Davison*

/s/ Brooke Thiele-LaForest
Brooke Thiele-LaForest, Paralegal

9