IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero, and
J.W., a minor child, by and through friend and mother, Elisa Wilson,

    Plaintiffs,

v.

SOUTHWEST HEALTH SYSTEM, INC, d/b/a/ Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually

    Defendants.

## ORDER

This matter comes before the Court on Defendant Randy Gene Davidson, M.D.'s Motions in Limine [Docket No. 251], Defendant SWMH's Motion in Limine Regarding References at Trial to the Deaths of Other MCDC Inmates [Docket No. 252], Defendant Randy Gene Davidson, M.D.'s Brief on Evidentiary Issues Regarding Medical Clearances [Docket No. 282], and defendant Randy Gene Davidson, M.D.'s Unopposed Motion for Leave to Have Certain Witnesses Testify Remotely [Docket No. 290].

### I. Clearances of Harrison Begay and Michael McMordie

The motions in limine include requests to exclude from trial testimony regarding the medical clearances of detainees brought to Southwest Memorial Hospital ("SWMH"). Docket No. 251 at 8-11; Docket No. 252 at 2-9. At the trial preparation conference on January 23, 2026, the Court ordered the parties to file supplemental briefing regarding this issue. Docket No. 279 at 2. Specifically, this briefing was to

address the medical clearances of Harrison Begay and Michael McMordie.  *See* Docket No. 281 at 28:15-29:4.[1]  On January 27, 2026, the parties filed their supplemental briefs.  *See* Docket Nos. 282, 284, 285.

Federal Rule of Evidence 401 defines evidence as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401(a).  The issue of the medical clearances of Mr. Begay and Mr. McMordie relate to plaintiffs' claim for a violation of the screening provision of the Emergency Medical Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.  One of the ways a plaintiff may prove such a claim is by adducing evidence that a hospital's emergency room ("ER") did not "treat[ ] every patient perceived to have the same medical condition in the same manner."  *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 797 (10th Cir. 2001) (citation omitted).  The question here is whether evidence regarding Mr. Begay's and Mr. McMordie's clearances is relevant to such a claim.  *See* Fed. R. Evid. 401(a).  The Court finds that it is not.

Plaintiffs submitted medical records regarding Mr. Begay's visit to the ER at SWMH on the night of October 25, 2013.  *See generally* Docket No. 285-2.[2]  The medical records reflect the following: On October 25, 2013, Mr. Begay was found on the

---

[1] Some of the briefing also addresses the admissibility of testimony regarding the medical clearance of Robert Salt as to the EMTALA claim.  *See* Docket No 282 at 2-4; Docket No. 284 at 7-8; Docket No. 285 at 209.  The Court has already found that Mr. Salt may testify regarding his medical treatment, *see* Docket No. 281 at 30:17-24, and will not address his testimony any further in this order.

[2] Mr. Begay returned to SWMH in the early morning hours of October 26, 2013 and was discharged to the custody of the Montezuma County Sheriff's Office after the second visit.  *See, e.g.*, Docket No. 285-1 at 2.  The Court finds that, given the Court's exclusion of evidence of the first visit to the ER, the evidence as to his second ER visit is not relevant.

floor of a Walmart bathroom with a bruise on his head.  Docket No. 285-2 at 7.  An ambulance transported Mr. Begay to SWMH.  *Id.*  Mr. Begay was vomiting, nauseous, and uncooperative.  *Id.* at 3, 7.  The emergency room physician who examined Mr. Begay, Dr. Todd Fowler, ordered a blood-alcohol test and a computerized tomography ("CT") scan of Mr. Begay's head.  *Id.* at 8.[3]  The Court understands plaintiffs to argue that Mr. Begay's presentation to SWMH is comparable to Mr. Newman's presentation since both Mr. Begay and Mr. Newman were intoxicated and had visible head injuries.  Docket No. 285 at 4.  Because Mr. Newman did not receive either a blood-alcohol test or a CT scan, plaintiffs assert that the hospital did not treat Mr. Newman in the same manner as Mr. Begay, thus giving rise to a violation of EMTALA.  *Id.* at 4-5.

Plaintiffs state that they will introduce evidence that SWMH's practices in 2013 were the same as its practices in 2021, thus making Mr. Begay's treatment by SWMH relevant.  *Id.* at 5-9.  The Court does not need to reach this argument, however, because the distinctions between the presentations of Mr. Begay and Mr. Newman are too great for the treatment of Mr. Begay to be relevant.  Unlike Mr. Begay, who arrived in an ambulance after being found on the floor of a bathroom, and who was vomiting, nauseous, and uncooperative, Mr. Newman arrived at the hospital in a police car and was conscious, cooperative, and did not complain of any symptoms.  *See, e.g.*, Docket No. 233 at 2-3.  The issue under EMTALA is whether the hospital treated "every patient perceived to have the same medical condition in the same manner."  *See Phillips*, 244 F.3d at 797.  The Court finds that the distinctions between how Mr. Begay and Mr.

---

[3] Plaintiffs also argue that the fact that Mr. Begay received a "rally pack" and anti-nausea medication through an intravenous fluid line ("IV"), *see* Docket No. 285-2 at 8, and Mr. Newman did not shows a disparity in treatment.  Docket No. 285 at 4.

3

Newman presented to the hospital are too great.  How the hospital treated Mr. Begay's medical issues is not relevant, for purposes of EMTALA or Fed. R. Evid. 404(b)(2), to how the hospital treated Mr. Newman's medical issues.  The Court will therefore exclude any testimony regarding Mr. Begay's clearance.

As to Mr. McMordie, the only evidence plaintiffs submit are the jail clearance forms for Mr. McMordie.  Docket No. 285-3 at 1-2.  These forms are devoid of relevant information regarding Mr. McMordie's condition or how the hospital treated him.  *See id.*  Thus, the Court will exclude testimony regarding Mr. McMordie's clearance and will grant the portions of the motions in limine that relate to Mr. Begay's and Mr. McMordie's clearances.

## II.  Request for Limiting Instruction by Dr. Davidson

Dr. Davidson asks the Court to read a limiting instruction to the jurors in the event that evidence or testimony is introduced regarding medical clearances at SWMH other than the one Dr. Davidson performed on Mr. Newman.  Docket No. 282 at 5.  The Court finds that the limiting instruction is appropriate and will instruct the jury accordingly at the appropriate time.

## III.  Unopposed Motion for Remote Testimony

Dr. Davidson requests that the Court permit three deputies from the Montezuma County Sheriff's Office to testify remotely.  Docket No. 290 at 1-2.  Dr. Davidson explains that these witnesses are "may call" witnesses who live in Cortez, Colorado and that traveling to Denver for the trial would require the witnesses to miss work and to have to drive eight hours each way.  *Id.* at 2. Noting the unopposed nature of the motion, the Court finds good cause for remote testimony under Federal Rule of Civil Procedure 43(a).  The Court will grant the motion.

Counsel for Dr. Davidson should be mindful of the Court's admonitions at the trial preparation conference regarding the difficulties associated with remote testimony and the need for counsel to avoid these difficulties. For instance, the deputies should plan to testify from a quiet location with a good internet connection. They should appear via a computer as opposed to a telephone. Counsel for all parties should make arrangements to provide the deputies with physical copies of any exhibits that the parties may ask them to view during their testimony.

## IV. CONCLUSION

It is therefore

**ORDERED** that Defendant Randy Gene Davidson, M.D.'s Motions in Limine [Docket No. 251] and Defendant SWMH's Motion in Limine Regarding References at Trial to the Deaths of Other MCDC Inmates [Docket No. 252], insofar as they seek to exclude testimony regarding the medical clearances of Harrison Begay and Michael McMordie, are **GRANTED**. It is further

**ORDERED** that Defendant Randy Gene Davidson, M.D.'s Brief on Evidentiary Issues Regarding Medical Clearances [Docket No. 282], insofar as it requests a limiting instruction be read to the jury, is **GRANTED**. It is further

**ORDERED** that defendant Randy Gene Davidson, M.D.'s Unopposed Motion for Leave to Have Certain Witnesses Testify Remotely [Docket No. 290] is **GRANTED**.

DATED February 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

5