IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero, and
J.W., a minor child, by and through friend and mother, Elisa Wilson,

    Plaintiffs,

v.

SOUTHWEST HEALTH SYSTEM, INC, d/b/a/ Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually

    Defendants.

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Command Live Testimony of Dr. Fowler at Trial Pursuant to FRCP 45 [Docket No. 289], wherein plaintiffs ask the Court to require Dr. Todd Fowler, an emergency room physician who works at defendant Southwest Health System, Inc., to testify via video teleconference ("VTC") at the trial beginning on February 9, 2026. Defendants oppose the motion. Docket Nos. 294, 296.[1]

Pursuant to § IV.E.2. of this Court's Practice Standards and the January 24, 2025 order setting this case for trial, Docket No. 232 at 3, the parties were required to file a

---

[1] Defendant Southwest Health System Inc.'s response is captioned as an objection and response. Docket No. 296. However, within the body of the response, it purports to "move[ ] to quash the subpoena." *Id*. at 1. This request violates Local Rule D.C.COLO.LCivR 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). The Court will not consider the "motion."

list of witnesses on January 16, 2026.  The list was to include an estimation of the time of the direct examination of a party's own witnesses and, two days after witness lists were filed, the parties were required to file an estimation of the cross-examination length of the opposing party's witnesses.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § IV.E.2; Docket No. 232 at 3.  The purpose of this requirement is to enable the Court, at the trial preparation conference, to determine how to best manage the length of the trial and whether time restrictions are necessary.  Plaintiffs' witness list did not include Dr. Fowler.[1]  Docket No. 257.  Dr. Davidson and Southwest Health System, Inc. ("SWMH") listed Dr. Fowler as a "may call" witness.  Docket No. 262 at 1.  Although plaintiffs took Dr. Fowler's deposition, plaintiffs have not designated any portion of the witness's deposition testimony pursuant to the Court's Practice Standards.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § II.E.

At the January 23, 2026 trial preparation conference, plaintiffs realized, in response to the Court's questions regarding motions in limine, that they "may" need to call Dr. Fowler to prove their EMTALA claim against SWMH.  Docket No. 289 at 1.  Thus, on January 28, 2026, plaintiffs filed their motion to have the Court order Dr. Fowler to appear via VTC.  *See generally id*.  Plaintiffs have served Dr. Fowler with a trial subpoena.  Docket No. 293-1.  In support of their motion, plaintiffs state that Fed. R. Civ. P. 45(c)(1)(B)(ii) "allows for compelling attendance within the state where a person

---

[2] Plaintiffs claim that they "reserved the right to call any may-call witnesses listed in the Pre-Trial Order."  Docket No. 289 at 2, ¶ 4.  In the final pre-trial order, Docket No. 231, filed on January 17, 2025, the plaintiffs listed Dr. Fowler as a may-call witness.  However, plaintiffs cannot circumvent the purpose of the parties filing a witness list before the trial preparation conference by simply "reserving" the ability to call witnesses they have not listed.

2

resides or is employed, or regularly transacts business if the person 'is commanded to attend a trial and would not incur substantial expense.'" Docket No. 289 at 2, ¶ 7. Plaintiffs claim, given that Dr. Fowler lives in the State of Colorado and is employed at SWMH, he may be required under Rule 45 to testify live in their case in chief.

Rule 45(c) of the Federal Rules of Civil Procedure states that:

> A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>     (i) is a party or a party's officer; or
>     (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c).

SWMH argues that plaintiffs have failed to satisfy the requirements of the rule. Docket No. 296 at 2-3. The Court agrees. There is no dispute that Dr. Fowler lives and works more than 100 miles from the courthouse in Denver where the trial will take place. Moreover, although Dr. Fowler lives and works in Colorado, plaintiffs fail to show that he is a "party or a party's officer." Fed. R. Civ. P. 45(c)(1)(B)(i). Subsection (c)(1)(B)(ii) of Rule 45 requires, in part, that the witness "would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B)(ii). Although testimony via VTC would obviate the expense and inconvenience of Dr. Fowler's traveling to Denver, SWMH's response and the attached declaration of Dr. Fowler indicate that, given that plaintiffs did not list Dr. Fowler on their witness list and given that Dr. Davidson, who also works in the SWMH emergency room, plans to attend the trial, Dr. Fowler and other physicians at the hospital arranged a schedule to cover for Dr. Davidson's absence. Docket No. 296 at 8-

3

9; Docket No. 296-3. Dr. Fowler states that his testimony would potentially risk emergency department coverage. Docket No. 296-3 at 2. VTC testimony, if the Court allowed it, would lessen the risk of disruptions to emergency room coverage, but the Court finds it would not eliminate all such risks.

The other requirement of subsection (c)(1)(B)(ii) is that the witness be "commanded to attend a trial." Fed. R. Civ. P. 45(c)(1)(B)(ii). This is the heart of plaintiffs' motion. The Court will, however, not order Dr. Fowler to make himself available. First, given that the Court in a recent order, Docket No. 297, will not allow testimony about the hospital's treatment of Harrison Begay, who Dr. Fowler treated in 2013, plaintiffs have not shown that Dr. Fowler's testimony is necessary for their EMTALA claim. Second, plaintiffs did not list Dr. Fowler on their witness list and their failure to do so is not excused by anything that happened at the trial preparation conference. As a result, the Court finds no support under Rule 45(c) or Rule 43(a), and no good cause, to order that Dr. Fowler testify remotely or to otherwise allow his testimony at trial. Wherefore, it is

**ORDERED** that Plaintiffs' Motion to Command Live Testimony of Dr. Fowler at Trial Pursuant to FRCP 45 [Docket No. 289] is **DENIED**.

DATED February 3, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4