IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN,
J.W., a minor child,

    Plaintiffs,

v.

SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital;
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

## PLAINTIFFS' PROPOSED CHANGES TO COURT'S DRAFT JURY INSTRUCTIONS WITH ADDITIONAL PROPOSED SETTLEMENT INSTRUCTION

Plaintiffs, by and through undersigned counsel, respectfully submit the following proposed changes to the Court's February 17, 2026 Draft Instructions, and submits additional disputed instructions. Changes are in yellow with the exception to proposed settlement instruction.

1

**Instruction No. \_\_ - Burden of Proof**

Plaintiffs have the burden of proving their claims by a preponderance of the evidence. If plaintiffs fail to establish any essential element of a claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Defendant Dr. Davidson has the burden of proving his affirmative defense of the negligence of non-party Sheriff Steven Nowlin by a preponderance of the evidence. If Dr. Davidson fails to establish any essential element of his defense, then you must reject that defense, and put "0" on Sheriff Nowlin's line on the verdict form.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

"Burden of proof" means the obligation a party has to prove its claim by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you. If plaintiffs fail to meet their burden of proof as to a claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject the claim.

**Instruction No. \_\_ - Other Parties at Fault**

Dr. Davidson has designated Sheriff Steven Nowlin as a non-party at fault in his representative capacity as the sheriff of Montezuma County. Dr. Davidson asserts that, when assessing the negligence, if any, of Dr. Davidson under plaintiff Jasmin Wilson's negligence claim, the jury should also consider the negligence, if any, of the employees of the Montezuma County Detention Center.

In order to prove the negligence of non-party Sheriff Nowlin, Dr. Davidson must prove the following by a preponderance of the evidence:

1. Deputy Sheriffs were negligent; and

2. The negligence of such Sheriff's Deputy or Deputies was a cause of plaintiff Jasmin Wilson's claimed injuries, damages, or losses.

A deputy sheriff is negligent when he does an act that a reasonably careful deputy sheriff would not do or fails to do an act that a reasonably careful deputy sheriff would do. To determine whether a deputy sheriff's conduct is negligent, you must compare that conduct to what a deputy sheriff having and using the knowledge and skill of a deputy sheriff engaged in managing inmates in a jail, at the same time, would or would not have done under the same or similar circumstances.

3

## Instruction No. __ - Elements of EMTALA

For plaintiff Estate of Kelroy Newman to recover from defendant Southwest Memorial Hospital on its claim of a violation of EMTALA, you must find that it has proved the following elements by a preponderance of the evidence:

1. Southwest Memorial Hospital has both a Medicare provider agreement with the Secretary of Health and Human Services and an emergency room or emergency department;

2. Kelroy Newman went to Southwest Memorial Hospital's emergency room or emergency department;

3. Mr. Newman requested, or someone requested on Mr. Newman's behalf, examination or treatment;

4. Mr. Newman had an emergency medical condition;

5. Southwest Memorial Hospital did not provide Mr. Newman with an appropriate medical screening examination; and

6. ==The conduct of Southwest Memorial Hospital caused Mr. Newman's death, and the Estate of Kelroy Newman suffered damages and losses as a result==.

The term "emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity ==(including severe pain, psychiatric disturbances and/or symptoms of substance abuse)== such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part.

If you find that any one or more of these elements has not been proved by a preponderance of the evidence, then you should find in favor of defendant Southwest Memorial Hospital on plaintiff Estate of Kelroy Newman's EMTALA claim.

On the other hand, if you find that each of these elements has been proved by a preponderance of the evidence, then you should find in favor of plaintiff Estate on its EMTALA claim.

5

## Instruction No. _ - Damages

If you find for plaintiffs on one or both of their claims, you must then decide the issue of damages. The fact that I will instruct you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict. It is exclusively your function to decide the issue of liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiffs are entitled to recover damages from the defendants.

Plaintiffs have the burden of proving any damages for their claims by a preponderance of the evidence. If plaintiffs fail to prove damages, then you may not award damages. However, difficulty or uncertainty in determining the precise amount of damages does not prevent you from deciding an amount. You should use your best judgment based on the evidence.

**Instruction No. ___ - Types of Damages**

If you find in favor of plaintiffs on one or both of their claims, you must determine the total dollar amount of the damages, if any, that were caused by defendants Dr. Davidson and/or Southwest Memorial Hospital.

In determining such damages, you shall consider any noneconomic losses, including grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress that plaintiff Jasmin Wilson has had to the present, and any grief, loss of companionship, impairment of the quality of life, inconvenience, pain and suffering, and emotional stress that plaintiff Jasmin Wilson will have in the future.

The parties agree the alleged damages, if any, suffered by plaintiff Jasmin Wilson and plaintiff Estate of Kelroy Newman are the same damages and in the same amount.

**Instruction No. _ - Comparative Negligence or Fault Calculation**

If you find in favor of plaintiffs on the negligence claim against Dr. Davidson or on both the EMTALA claim against Southwest Memorial Hospital and the negligence claim against Dr. Davidson, you must then determine to what extent the negligence of Dr. Davidson or non-party Sheriff Nowlin, and the fault of Southwest Memorial Hospital contributed to the damages of the plaintiffs, expressed as a percentage of 100 percent. However, if you find against plaintiffs on one of their claims, you should not consider that defendant's negligence or fault in determining the percentage attributable to the other persons.

If you find in favor of plaintiffs on both claims, you should allocate the combined negligence or fault among Dr. Davidson, non-party Sheriff Nowlin, and defendant Southwest Memorial Hospital in accordance with the degree to which you find that each of those parties is responsible for plaintiffs' damages. If you find that one or more of these parties is not responsible for plaintiffs' damages, you should list a "0" next to that party's name on the verdict form.

If you find in favor of plaintiffs on the negligence claim against Dr. Davidson, but against plaintiffs on the EMTALA claim, you should allocate the combined negligence between Dr. Davidson and non-party Sheriff Nowlin. If you find that one of those parties is not responsible for plaintiffs' damages, you should list a "0" next to the party's name on the verdict form.

If you find in favor of plaintiffs on the EMTALA claim, but against plaintiffs on the negligence claim, you do not need to determine a percentage. Instead, you should answer Question 3 on the Verdict Form and then sign the Verdict Form without answering Question 4.

The term "fault," as used in this instruction and in the Verdict Form, means legal responsibility.

8

**Instruction No. ___ Settlement**

If you conclude that either Defendant Davidson or Defendant Southwest Memorial Hospital are liable, you must return an award that fully compensates the plaintiffs for all of their injuries without regard for the fact that the plaintiff may have received compensation from others as a result of the settlement.

Respectfully Submitted this 17th day of February, 2026.

/s/ Anna Holland Edwards
Anna Holland Edwards
Erica Grossman
HOLLAND, HOLLAND EDWARDS & GROSSMAN, LLC
1437 High Street
Denver, CO 80218
anna@hheglaw.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2026, the foregoing was filed using the CM/ECF system. I hereby certify I will send electronic notification of said filing to the following recipients.

| | |
|---|---|
| Amy Cook Olson<br>Angela Lund Klein<br>Grant E. Hogan<br>KLEIN COOK OLSON, LLC<br>acookolson@kco-law.com<br>aklein@kco-law.com<br>ghogan@kco-law.com<br>*Attorneys for Defendant Southwest Health* | Mark B. Collier<br>Julia Morgenthau<br>CHILDS MCCUNE<br>mcollier@childsmccune.com<br>jmorgenthau@childsmccune.com<br>*Attorneys for Defendant Davison* |

/s/ Brooke Thiele-LaForest
Brooke Thiele-LaForest, Paralegal

10