IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN, by and through putative personal representative,
Bryanne Watts-Lucero, and
J.W., a minor child, by and through friend and mother, Elisa Wilson,

      Plaintiffs,

v.

SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually,

      Defendants.

_____

**JURY INSTRUCTIONS**

_____

**Instruction No. 1**

Now that you have heard the evidence, it becomes my duty to give you the
instructions of the Court as to the law applicable to this case.  It is your duty as jurors to
follow the law as I will state it to you and to apply the law to the facts as you find them
from the evidence in the case.  You are not to single out one instruction alone as stating
the law, but must consider the instructions as a whole.  Neither are you to be concerned
with the wisdom of any rule of law stated by me.

The parties may quite properly refer to some of the governing rules of law in their
arguments.  If, however, any difference appears to you between the law as stated by
the parties and that stated by the Court in these instructions, you are, of course, to be
governed by the Court's instructions.

Nothing I say in these instructions is to be taken as an indication that I have any
opinion about the facts of the case, or what that opinion is.  It is not my function to
determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party.
The law does not permit you to be governed by sympathy, bias, prejudice, or public
opinion.  All parties expect that you will carefully and impartially consider all of the
evidence, follow the law as it is now being given to you, and reach a just verdict,
regardless of the consequences.

Statements and arguments of the parties are not evidence in the case.  The
evidence in the case consists of the sworn testimony of the witnesses, regardless of
who may have called them, all exhibits received in evidence, regardless of who may
have produced them, and all facts and events that have been admitted, stipulated to,

and/or deemed established as true in this case.  The mere number of witnesses appearing for or against a particular fact, issue, or proposition does not in and of itself prove or disprove that fact, issue, or proposition.

Any evidence as to which an objection was sustained by the Court must be disregarded entirely.

You are to consider only the evidence in the case.  However, in your consideration of the evidence, you are not limited to just the statements of the witnesses.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.  You are permitted to draw, from the facts which you find have been proved, such reasonable inferences as you feel are justified in light of your experience.

Sometimes, evidence may have been admitted only for a particular purpose.  For the limited purpose for which this evidence has been received, you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose not specifically mentioned.

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

You will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  You may use the notes taken by you during the trial.  However, your notes should not be substituted for your memory. Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**Instruction No. 2**

In your deliberations, your duty is to apply the Court's instructions of law to the

evidence you have seen and heard in the courtroom.  You are not allowed to look at,

read, consult, or use any material of any kind, including any dictionaries or medical,

scientific, technical, religious, or law books or materials, or the internet, such as looking

information up on Google, in connection with your jury service.  You are not allowed to

do any research of any kind about this case.

Do not use any information from any other source concerning the facts or law

applicable to this case other than the evidence presented and the instructions that I give

to you.  You are not allowed to visit any place mentioned in the evidence.  Anything you

have seen or heard outside the courtroom is not evidence and must be disregarded

entirely.

**Instruction No. 3**

Plaintiffs have the burden of proving their claims by a preponderance of the evidence.  If plaintiffs fail to establish any essential element of a claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Defendant Dr. Davidson has the burden of proving his affirmative defense of the negligence of non-party Sheriff Steven Nowlin by a preponderance of the evidence.  If Dr. Davidson fails to establish any essential element of his defense, then you must reject that defense.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so.  In other words, a preponderance of the evidence in the case means such evidence, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

"Burden of proof" means the obligation a party has to prove its claim by a preponderance of the evidence.  The party with the burden of proof can use evidence produced by any party to persuade you.  If plaintiffs fail to meet their burden of proof as to a claim, or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject the claim.

**Instruction No. 4**

There are two types of evidence from which a jury may properly find the truth as to the facts of a case.  One is direct evidence – such as the testimony of an eyewitness or earwitness.  The other is indirect or circumstantial evidence – the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Instruction No. 5**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

**Instruction No. 6**

A witness qualified as an expert by education, training, or experience may state opinions.  You should judge expert testimony just as you would judge any other testimony.  You may accept it or reject it, in whole or in part.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**Instruction No. 7**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons stand equal before the law and are to be treated as equals.

**Instruction No. 8**

For plaintiff Jasmin Wilson to recover from Dr. Davidson on her claim for
negligence, you must find that she has proved the following elements by a
preponderance of the evidence:

1.  Plaintiff Jasmin Wilson had injuries, damages, or losses;

2.  Dr. Davidson was negligent; and

3.  Dr. Davidson's negligence was a cause of plaintiff Jasmin Wilson's injuries,
    damages, or losses.

A physician who holds himself out as a specialist in a particular field of medicine,
such as emergency medicine, is negligent if that physician does an act that reasonably
careful physicians acting as such specialists would not do or fails to do an act that
reasonably careful physicians acting as such specialists would do.

To determine whether such a physician's conduct was negligent, you must
compare that conduct with what a physician having and using the knowledge and skill of
physicians practicing in the same specialty, at the same time, would or would not have
done under the same or similar circumstances.

If you find that any one or more of these elements has not been proved by a
preponderance of the evidence, then you should find in favor of Dr. Davidson on plaintiff
Jasmin Wilson's negligence claim.

On the other hand, if you find that each of these elements has been proved by a
preponderance of the evidence, then you should find in favor of plaintiff Jasmin Wilson
on her negligence claim.

**Instruction No. 9**

A physician does not guarantee or promise a successful outcome by simply treating or agreeing to treat a patient.

An unsuccessful outcome does not, by itself, mean that a physician was negligent.  An exercise of judgment that results in an unsuccessful outcome does not, by itself, mean that a physician was negligent.

**Instruction No. 10**

The negligence, if any, of Dr. Davidson, for purposes of plaintiff Jasmin Wilson's

negligence claim, is not a cause of any injuries, damages, or losses to plaintiff Jasmin

Wilson unless injury to a person in Kelroy Newman's situation was a reasonably

foreseeable result of that negligence.  The specific injury need not have been

foreseeable.  It is enough if a reasonably careful person, under the same or similar

circumstances, would have anticipated that injury to a person in Mr. Newman's situation

might result from such negligent conduct.

**Instruction No. 11**

The word "cause" means an act or failure to act that in natural and probable
sequence produced the claimed injury.  It is a cause without which the claimed injury
would not have happened.

If more than one act or failure to act contributed to the claimed injury, then each
act or failure to act may have been a cause of the injury.  A cause does not have to be
the only cause or the last or nearest cause.  It is enough if the act or failure to act joins
in a natural and probable way with some other act or failure to act to cause some or all
of the claimed injury.

**Instruction No. 12**

Any evidence or testimony that you heard related to the Emergency Medical

Treatment and Labor Act ("EMTALA") policy of Southwest Memorial Hospital or medical

clearance examinations of other inmates, other than Kelroy Newman, is not relevant to

the negligence claim made against Dr. Davidson.  You are not to consider any evidence

of medical clearance examinations of other inmates or the EMTALA policy of Southwest

Memorial Hospital when making your determination of the negligence claim against Dr.

Davidson.  You may only consider the evidence of Dr. Davidson's treatment of Kelroy

Newman and whether that treatment fell below the standard of care for emergency

department physicians as to the negligence claim.

**Instruction No. 13**

Dr. Davidson has designated Sheriff Steven Nowlin as a non-party at fault in his representative capacity as the sheriff of Montezuma County.  Dr. Davidson asserts that, when assessing the negligence, if any, of Dr. Davidson under plaintiff Jasmin Wilson's negligence claim, the jury should also consider the negligence, if any, of the sheriff deputies of the Montezuma County Detention Center.

In order to prove the negligence of non-party Sheriff Nowlin, Dr. Davidson must prove the following by a preponderance of the evidence:

1. A sheriff deputy or deputies working in the Montezuma County Detention Center were negligent; and

2. The negligence of such persons was a cause of plaintiff Jasmin Wilson's claimed injuries, damages, or losses.

A sheriff deputy is negligent when he does an act that a reasonably careful sheriff deputy would not do or fails to do an act that a reasonably careful sheriff deputy would do.  To determine whether a sheriff deputy's conduct is negligent, you must compare that conduct to what a sheriff deputy having and using the knowledge and skill of sheriff deputies engaged in managing inmates in a jail, at the same time, would or would not have done under the same or similar circumstances.

**Instruction No. 14**

For plaintiff Estate of Kelroy Newman to recover from defendant Southwest Memorial Hospital on its claim of a violation of EMTALA, you must find that it has proved the following elements by a preponderance of the evidence:

1. Southwest Memorial Hospital has both a Medicare provider agreement with the Secretary of Health and Human Services and an emergency room or emergency department;

2. Kelroy Newman went to Southwest Memorial Hospital's emergency room or emergency department;

3. Mr. Newman requested, or someone requested on Mr. Newman's behalf, examination or treatment;

4. Mr. Newman had an emergency medical condition;

5. Southwest Memorial Hospital did not provide Mr. Newman with an appropriate medical screening examination; and

6. The conduct of Southwest Memorial Hospital caused Mr. Newman's death, and the Estate of Kelroy Newman suffered damages or losses as a result.

The term "emergency medical condition" means a medical condition manifesting itself by acute symptoms of sufficient severity such that the absence of immediate medical attention could reasonably be expected to result in placing the health of the individual in serious jeopardy, serious impairment to bodily functions, or serious dysfunction of any bodily organ or part.

If you find that any one or more of these elements has not been proved by a preponderance of the evidence, then you should find in favor of defendant Southwest Memorial Hospital on plaintiff Estate of Kelroy Newman's EMTALA claim.

On the other hand, if you find that each of these elements has been proved by a preponderance of the evidence, then you should find in favor of plaintiff Estate of Kelroy Newman on its EMTALA claim.

**Instruction No. 15**

Under EMTALA, a hospital must provide an appropriate medical screening examination to determine whether or not an emergency medical condition exists.

A medical screening examination means a screening to determine the existence of an emergency medical condition.  Whether a medical screening examination is appropriate varies with the unique capabilities of the specific hospital.  Hospitals determine their own capabilities and limitations.  A violation of EMTALA's screening requirement occurs only when a hospital does not follow its own standard procedures. In other words, a hospital's obligation under EMTALA is measured by whether it treats every patient perceived to have the same medical condition in the same manner.

If a patient did not have an emergency medical condition, EMTALA does not require the hospital to provide the patient with discharge instructions.

**Instruction No. 16**

If you find for plaintiffs on one or both of their claims, you must then decide the issue of damages.  The fact that I will instruct you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict.  It is exclusively your function to decide the issue of liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiffs are entitled to recover damages from the defendants.

Plaintiffs have the burden of proving any damages for their claims by a preponderance of the evidence.  If plaintiffs fail to prove damages, then you may not award damages.  However, difficulty or uncertainty in determining the precise amount of damages does not prevent you from deciding an amount.  You should use your best judgment based on the evidence.

The parties agree that the alleged damages, if any, suffered by plaintiff Jasmin Wilson and plaintiff Estate of Kelroy Newman are the same damages and in the same amount.

**Instruction No. 17**

You have heard evidence that plaintiffs have reached a settlement agreement

with Sheriff Steven Nowlin.  If you find that either Dr. Davidson or Southwest Memorial

Hospital are liable to plaintiffs, you should consider an amount of damages that fully

compensates plaintiffs for all of the damages that have been proved without regard to

the fact that plaintiffs may have received compensation as a result of the settlement.

**Instruction No. 18**

If you find in favor of plaintiffs on one or both of their claims, you must determine

the total dollar amount of the damages, if any, that were caused by defendants Dr.

Davidson and/or Southwest Memorial Hospital.

In determining such damages, you shall consider any noneconomic losses,

including grief, loss of companionship, impairment of the quality of life, inconvenience,

pain and suffering, and emotional stress that plaintiff Jasmin Wilson has had to the

present, and any grief, loss of companionship, impairment of the quality of life,

inconvenience, pain and suffering, and emotional stress that plaintiff Jasmin Wilson will

have in the future.  Such categories of damages are the same categories of damages to

the Estate of Kelroy Newman, which you shall also consider.

**Instruction No. 19**

If you find in favor of plaintiffs on both the negligence claim against Dr. Davidson and the EMTALA claim against Southwest Memorial Hospital, you must then determine to what extent the negligence of Dr. Davidson or non-party Sheriff Nowlin (assuming you find that Dr. Davidson has met his burden of proof on the affirmative defense, *see* Instruction No. 13), and the fault of Southwest Memorial Hospital contributed to the damages of the plaintiffs, expressed as a percentage of 100 percent.  If you find in favor of plaintiffs on both claims, you should allocate the combined negligence or fault among Dr. Davidson, non-party Sheriff Nowlin, and defendant Southwest Memorial Hospital in accordance with the degree to which you find that each of those persons or entities is responsible for plaintiffs' damages.  If you find that one or more of these persons or entities is not responsible for plaintiffs' damages, you should put a "0" next to that name on the verdict form.

If you find in favor of plaintiffs on the negligence claim against Dr. Davidson, but against plaintiffs on the EMTALA claim, you should allocate the combined negligence between Dr. Davidson and non-party Sheriff Nowlin (assuming you find that Dr. Davidson has met his burden of proof on the affirmative defense, *see* Instruction No. 13), but not against Southwest Memorial Hospital.  If you find that Dr. Davidson or Sheriff Nowlin is not responsible for plaintiffs' damages, you should put a "0" next to the person's name on the verdict form.

If you find in favor of plaintiffs on the EMTALA claim, but against plaintiffs on the negligence claim, you do not need to determine a percentage.

The term "fault," as used in this instruction and in the Verdict Form, means legal responsibility.

**Instruction No. 20**

Upon retiring to the jury room to begin your deliberations, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Any verdict you reach must represent the collective judgment of the jury.  In order to return a verdict, it is necessary that each juror agree to it.  In other words, any verdict you reach must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  However, do not surrender your honest conviction solely because of the opinion of your fellow jurors or for the mere purpose of returning a unanimous verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

A verdict form has been prepared for your convenience.

**[Court reads verdict form.]**

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson complete the verdict form and then, together with all other jurors, date and sign the verdict form and

notify the Court through a note given to the courtroom deputy clerk that you have

reached a verdict.

**Instruction No. 21**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note through the courtroom deputy clerk signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with the Court regarding the issues of the case by any means other than such a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.

If you do send a note to me containing a question or request for further direction, please bear in mind that a response takes considerable time and effort.  I must first notify counsel to return to court.  Then I must confer with counsel, consider their arguments and, if necessary, research the question before reducing the answer or direction to writing.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.