IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01763-PAB-KAS

ESTATE OF KELROY NEWMAN, by and through putative personal representative, Bryanne Watts-Lucero, and
J.W., a minor child, by and through friend and mother, Elisa Wilson,

    Plaintiffs,

v.

SOUTHWEST HEALTH SYSTEM, INC, d/b/a Southwest Memorial Hospital, and
RANDY GENE DAVIDSON, MD, individually,

    Defendants.

## VERDICT FORM

We, the jury, present our answers to the questions submitted by the Court, to which we have all agreed:

### FIRST CLAIM – Negligence

1. Do you find that plaintiff Jasmin Wilson proved by a preponderance of the evidence her claim for negligence against defendant Randy Gene Davidson, M.D.?

    Yes \_\_\_\_\_   No __X__

### SECOND CLAIM – EMTALA

2. Do you find that plaintiff Estate of Kelroy Newman proved by a preponderance of the evidence its claim for a violation of EMTALA against defendant Southwest Memorial Hospital?

    Yes \_\_\_\_\_   No __X__

**If your answers to Question 1 and Question 2 are both "No," you must stop and sign the Verdict Form without answering the remaining questions. If your answer to Question 1 is "Yes," proceed to Questions 3 and 4. If your answer to Question 1 is "No" and your answer to Question 2 is "Yes," proceed only to Question 3 and then sign the Verdict Form without answering Question 4.**

## DAMAGES

3. If you answered "Yes" for either Question 1 or Question 2, state your answer to the following question related to damages:

    What is the total amount of plaintiffs' damages, if any, that plaintiffs proved by a preponderance of the evidence for noneconomic losses, as defined in Instruction No. 18? You should answer "0" if you determine there were no such losses or injuries.

    $ _____

## APPORTIONMENT OF NEGLIGENCE OR FAULT

4. If you find in favor of plaintiffs on both claims, you should allocate the combined negligence or fault among Dr. Davidson, non-party Sheriff Nowlin (assuming that Dr. Davidson has proved his affirmative defense, see Instruction No. 13), and defendant Southwest Memorial Hospital in accordance with the degree to which you find that each of those persons or entities is responsible for plaintiffs' damages. If you find that one or more of these persons or entities is not responsible for plaintiffs' damages, you should put a "0" next to that name on the verdict form.

2

If you find in favor of plaintiffs on the negligence claim against Dr. Davidson, but against plaintiffs on the EMTALA claim, you should allocate the combined negligence between Dr. Davidson and non-party Sheriff Nowlin, but not against Southwest Memorial Hospital. If you find that either Dr. Davidson or Sheriff Nowlin is not responsible for plaintiffs' damages, you should put a "0" next to the person's name on the verdict form.

If you find in favor of plaintiffs on the EMTALA claim, but against plaintiffs on the negligence claim, you should not complete this question, as noted in the instructions before Question 3.

| | |
|---|---|
| Percentage charged to Dr. Davidson: | ____% |
| Percentage charged to non-party Sheriff Nowlin: | ____% |
| Percentage charged to Southwest Memorial Hospital (if you find in favor of plaintiffs on both claims): | ____% |
| Total: | ____% |
| Must Total: | 100% |

DATED February 19, 2026




3